# SUPREME COURT.

## SCHOUTON agt. KILMER, by his Guardian.

The Homestead Exemption Act, (*Laws* 1850, *p.* 499,) does not exempt the homestead of a householder from sale on execution, except for *debts contracted* after the passage of that law.

Therefore, *held*, where judgment was obtained against the plaintiff, *for costs*, in an action of *tort*, his homestead was not exempt from levy and sale on execution under that act. (*This seems to be adverse to Cook agt. Newman, ante p.* 523.)

*At Chambers, Saratoga Springs, November,* 1853. On the 25th February, 1851, the plaintiff, being a householder, having a family which he supported in this county, and being the owner of a house and lot, called his homestead, in said county, and on which he resided with his said family, of the value not exceeding four hundred dollars, filed in the clerk's office of this county, a notice in writing, as required by the act of April 10, 1850, (*L. of* 1850, *p.* 499,) entitled "An act to exempt from sale on execution the homestead of a householder having a family," containing a full description of such homestead, and that he designed to hold the same as his homestead, and which was duly acknowledged and recorded.

About the 4th December, 1850, the now plaintiff recovered a judgment against the defendant in a Justice's Court,—a judgment for $150 damages, and $1,68 costs, in an action of tort, and not upon contract. The defendant therein was an infant, but he appealed the said action to the County Court, which latter court reversed the judgment of the justice, and gave judgment against the plaintiff, for eighteen dollars costs, on the 28th May, 1851. An execution was issued upon this judgment and levied by the sheriff on the homestead of the plaintiff, which is described in the notice filed and recorded as above mentioned, and advertised the same for sale by virtue of said execution. The plaintiff applied for an injunction to restrain said sale, on the ground that the property was exempt

by law, from sale under said execution.   The motion was opposed by the attorney for the defendant.

A. MEEKER, *for the Motion, cited* 6 *Hill,* 250, *and* 2 *Denio,* 73. WM. T. ODELL, *Contra, cited* 4 *Mass. R.* 471; 15 *do.* 205; 9 *Pick.* 496; 4 *Hill,* 76.

WILLARD, Justice.—The act of 1850, (*L.* 1850, *p.* 499,) does not exempt the homestead of a householder from sale on execution, except for debts contracted after the passage of that law.   If the execution be issued upon a judgment in tort, the homestead is not exempt.   A judgment for costs, in an action of tort falls within the same rule.   It is not a judgment for a *debt contracted,* &c.

There is a material difference between the language of the former exemption acts and that of 1850.   The act of 1830, (2 *R. S.* 367,) exempts certain articles of personal property therein mentioned, from levy and sale under *any execution,* &c. And the act of 1842, (*p.* 193,) is also equally general.   It was not the policy of the former acts to exempt any thing but a few necessary articles of personal property, small in relative amount, compared with what is reserved by the homestead exemption act.   The difference between the two species of exemption is, that in the former case the property is placed beyond the reach of execution upon any judgment, and in the latter, only when the judgment is for *debts contracted* after the passing of the law.

Without considering other points the injunction can not be allowed.

Motion denied.