### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

### AT ATHENS,

## NOVEMBER TERM, 1859.

Present—JOSEPH H. LUMPKIN,
HENRY L. BENNING, } Judges.
LINTON STEPHENS,

---

HORATIO J. Goss, Jr. and WIFE, plaintiffs in error, vs. JOHN EBERHART, administrator, et al., defendants in error.

W. H. B. gave to each of his daughters, by will, certain property, "to them and their children, heirs of their body."

*Held*, That the daughters took respectively, an estate for life, remainder to their children, born and to be born, at their death.

In Equity, in Elbert Superior Court. Tried before Judge THOMAS, September Term, 1859.

This was a bill filed for direction, by John Eberhart, administrator of William F. Eberhart, deceased, against Horatio J. Goss, Jr., and his wife, Melita Goss, and William B. Eberhart and Zilla A. Eberhart, infant children of Mrs. Goss, by a former husband, the said William F. Eberhart, deceased, complainant's intestate.

The bill states that William H. Barnett, deceased, late of

the State of Alabama, died, leaving a will, the fourth and sixth items of which, were as follows, and for the proper construction and execution of which, the direction of the Court is sought, viz:

*Item Fourth.* My will and desire is, that my negroes, not otherwise disposed of, shall be equally divided between my six children, hereafter named, to-wit: Francina E. Matthews, wife of Robert C. Matthews; *Melita S. Eberhart, wife of William F. Eberhart ;* Martha S. Colquitt, wife of William T. Colquitt; Eliza E. Barnett, Zilla A. Barnett, and William B. Barnett, so as to make them all equal, except my daughter Nancy, to whom I have given ten dollars, which is all she is to receive from my estate; and to my son William B. Barnett, I have given him three negroes, and gold watch as above named.

*Item Sixth. My will and desire is, and I do hereby give and bequeath all of the property of every description, that I have given, or may hereafter give, to each of my daughters, I give to them and their children, heirs of their body, and not subject to be sold by their respective husbands, or liable for debts in any manner whatever.*

The bill further states, that complainant, as the administrator of William F. Eberhart, has possession of eight negro slaves, received by said Eberhart in right of his wife, under the foregoing clauses of the will of William H. Barnett, deceased. That the said intestate William F. Eberhart, left as his heirs at law and distributees, his widow, the said Melita S., (who has since intermarried with Horatio J. Goss, Jr.,) and two infant children of tender years, to-wit: William B. Eberhart and Zillah A. Eberhart.

The questions were, whether Mrs. Eberhart took an absolute estate in the property bequeathed, or whether she took as a joint tenant or tenant in common with all her children, a well those born as to be born, or whether she took an estate for life, remainder to her children.

The defendants answered the bill, admitting all the facts therein stated.

The cause was submitted to the jury upon the bill and answers.

Counsel for the defendants, Goss and wife, requested the Court to charge the jury, that under the fourth and sixth clauses of the will of William H. Barnett, deceased, the property therein bequeathed to Melita S. Eberhart, (now Mrs. Goss,) vested in her absolutely; and, if not, then to charge, that she had a life estate in said property, with remainder to her children, born and to be born.

Which charge the Court refused to give, but charged that the property belonged to Mrs. Goss, and all her children, present and future, as tenants in common.   To which charge and refusal to charge, counsel for Goss and wife excepted.

The jury returned a verdict in conformity with the charge and instructions of the presiding Judge.   Whereupon, counsel for Goss and wife, tendered their bill of exceptions, assigning as error the charge and refusal to charge aforesaid.

HESTER & AKERMAN, for plaintiffs in error.

REESE; and T. R. R. COBB, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The question in this case, arises upon the construction of the 6th item of the will of the late William H. Barnett.

The testator having in the previous parts of his will, disposed of his property to his wife and children, proceeds thus: "My will and desire is, and I do hereby give and bequeath all of the property of every description, that I have given or may hereafter give, to each of my daughters, I give to them and their children, heirs of their body, and not subject to be sold by their respective husbands, or liable for their debts, in any manner whatever."

His daughter Melita S. Eberhart, wife of William F. Eberhart, had two children at the date of the will, and at the death of the testator; William F. Eberhart has since died, and the widow has intermarried with Horatio J. Goss, Jr., by whom she has one child.

The administrator of William F. Eberhart, finding the negroes received under the will of William H. Barnett in the possession of his intestate at the time of his death, took possession thereof, as a part of his estate; and filed the present bill, asking the direction of the Court respecting this property.

It is insisted by counsel for the plaintiff in error, that the words create an estate tail in Mrs. Eberhart, and that hence under the law, she took an absolute fee in it. The antagonistic view to this, and the one held by the Court, is, that Mrs. Eberhart took as tenant in common with her children, born and to be born.

Without stopping to controvert both, or either of these positions, I would remark, that to maintain the first, namely, to make this an estate tail, the words " children" in the will, must be wholly disregarded. And so on the other hand, to support the position of the defendant in error, and the decision of the Circuit Court, the word " heirs," must be ignored.

But it is not allowable thus to mutilate an instrument, whether deed or will. On the contrary, it is our duty to give effect to all the words, if possible. Here it is not only possible, but by doing so, we ascertain the true meaning of the testator. He gives the property to his daughter and her children, heirs of her body. Now no one is the heir of the living. The employment of this term therefore, indicates, that the children were not to take a present estate, but one that should come to them after the death of their mother.

Our construction then is, that the daughter, Mrs. Eberhart, took a separate life estate, with remainder to such children, born and to be born, as survived her. And this case seems to be identical almost with that of *Crawford against Trot-*

*ter*, wherein, a legacy of £100 stock was bequeathed to Lady Scott and her heirs, (say children.)    In the case at bar, it is to her children, heirs of her body, just reversing the collocation of the words.    Sir John Leach, V. C., was of opinion, that Lady Scott was entitled for life, remainder to her children, the word "heirs," which was synonymous with children, importing that they were to take after her death. (4 *Madd.* 361; *Burdett vs. Young,* 9 *Mad.* 93; 3 *Bro. P. C.,* 50, *S. C.*)

I would only add, that where the construction is doubtful, the Courts lean to the implication of life estates.