ALBA LATHROP *vs.* WILLIAM SINGER and ELIZABETH SINGER.

The homestead exemption act, passed April 10, 1850, does not contemplate
the exemption of a homestead from sale on execution issued upon a judg-
ment for a cause of action sounding in *tort ;* nor on an execution issued in
such action on a judgment for the defendant for *costs.*

THIS was an action of ejectment. The defendants were
husband and wife. On the 29th of March, 1851, B.
McFarlin and wife conveyed the premises in question to the
defendant William Singer. On the 4th of April, 1854, he
conveyed the same to Elizabeth Singer, then Elizabeth
Knowles; and on the 19th day of the same month, William
Singer and Elizabeth Knowles intermarried. On the 15th
of April, 1857, Elizabeth Singer filed and recorded, in due
form, a notice of exemption, of the premises, under the
homestead exemption act, passed April 10, 1850. Previous
to her marriage, Mrs. Singer had three children, two of whom
were adopted, for whom she provided, then residing on said
premises, and for whom she has ever since provided. In
July, 1857, an action was commenced in the names of Mr.
and Mrs. Singer, against Alba Smith, for an assault com-
mitted on Mrs. Singer. On the 4th of April, 1859, Smith
recovered a judgment, in that suit, against Mr. and Mrs.
Singer, for $102.73, costs and expenses in defending it,
which was docketed on the same day, and on the same day
an execution was issued thereon to the sheriff of Monroe
county, by virtue of which the sheriff, on the 30th of June,
1859, sold the premises in question to the plaintiff in this
suit, and executed to him a certificate of sale, and on the
16th day of October, 1860, he executed and delivered to him
a sheriff's deed, in the usual form. This action was brought
to recover the possession of the premises. At the close of
the testimony the court held that there was no question of
fact for the jury; to which the defendants excepted. The
defendants' counsel then asked the court to decide that the
defendants were entitled to judgment, on the evidence, in

accordance with the affirmative relief prayed for in the answer, viz. that the judgment in favor of Alba Smith, against the present defendants, be set aside as irregular and void. This the court declined to do, and the defendants excepted. The court then ordered the jury to find a verdict for the plaintiff, with six cents damages; to which the defendants excepted. Thereupon the court ordered the case and exceptions to be heard in the first instance at a general term of this court.

*George B. Brand,* for the defendants.

*A. Lathrop,* plaintiff, in person.

*By the Court,* WELLES, J. The legal title to the premises in question must, as between the present parties, be deemed to have become vested in the defendant Elizabeth Singer, by the deed to her by the name of Elizabeth Knowles, from the defendant William Singer, dated April 4th, 1853, and before the intermarriage of the defendants. The judgment for costs in favor of Alba Smith against the present defendants, in the action brought by them against said Smith for an assault and battery alleged to have been committed upon the said Elizabeth after her intermarriage with William Singer, in which action the complaint was dismissed, was perfected April 4th, 1859; and from that time became a valid lien upon the real estate of both, and each of the present defendants. (2 *R. S.* 359, § 3. *Marsh* v. *Potter and wife,* 30 *Barb.* 506, *and authorities cited.*) The formal objections to the judgment roll, if not frivolous, are certainly untenable in this action. The papers constituting it are carelessly arranged, but on looking it through, enough appears to show that a judgment was obtained for the amount for which the execution was afterwards issued. We find embraced in the roll the summons, complaint, answer, order for dismissal of complaint, and final judgment in favor of

the defendant therein, against the present defendants for $102.73 costs of the defense, in due form, signed by the clerk. If there were formal irregularities, they should be corrected on a direct motion to the court for that purpose. They are not such as to render the judgment void, and there- fore are not assailable in this collateral way. Upon this judg- ment an execution was regularly issued, in the usual form, against the personal and real property of these defendants, under and by virtue of which the premises in question were sold by the sheriff to the present plaintiff, and in due time conveyed to him by the sheriff. Thus the plaintiff estab- lished *prima facie* his right to recover possession of the premises.

The defense set up at the trial was that the premises in question were not liable to levy and sale on execution, but were exempt therefrom by virtue of the act entitled "An act to exempt from sale on execution the homestead of a house- holder having a family," passed April 10th, 1850. (*Laws* 1850, *ch.* 260, *p.* 499.) And for that purpose the defendants gave in evidence a notice by the defendant Elizabeth Singer, dated April 15th, 1857, in the form and to the effect con- templated by the second section of the act, which was duly acknowledged and recorded on the day of its date. This defense, we think, cannot prevail. The act referred to does not contemplate an exemption of the homestead from sale on execution issued upon a judgment for a cause of action sound- ing in *tort*, nor on an execution issued in such action on a judgment for the defendant for costs. The first section ex- empts the homestead from sale under execution *for debts thereafter contracted*, to the value of one thousand dollars. The second section, after providing what shall be done to entitle any property to such exemption, declares that no property shall be exempt from sale under the act, *for a debt contracted* for the purchase thereof, or prior to the recording of the deed or notice mentioned in the previous part of the same section.

There is no language to be found in the act indicating an intention to exempt from sale any property on judgments, except for debts contracted. If the intention had been to extend the exemption to sales under all judgments recovered, it would have been quite easy to have so expressed it, and it is most likely if that had been the intention that it would have been so expressed in the act. The omission to do so, and the limitation in words to debts contracted, afford pregnant evidence that the legislature did not intend to extend its operation beyond the cases expressed. (*Schouton* v. *Kilmer*, 8 *How. Pr. R.* 527.) In the case of *Cook* v. *Newman*, in the same volume, (*p.* 523,) the opinion of the judge deciding it seems to be directly adverse to the decision. His reasoning establishes that a promise of marriage is not indebtedness within the act referred to, and yet he holds that the homestead is exempt from sale on a judgment recovered for that cause of action.

The offer of the defendants to prove that they had personal property sufficient to satisfy the execution was properly overruled. The defendants should have applied for relief in the action in which the execution was issued, or moved to vacate the sale on that ground. They cannot set it up in this action, as a defense. (*Whitaker* v. *Merrill*, 28 *Barb.* 526, *and authorities there cited.*)

The motion for a new trial should be denied, and the plaintiff should have judgment on the verdict.

Ordered accordingly.

[MONROE GENERAL TERM, March 2, 1863. *Johnson, J. C. Smith* and *Welles*, Justices.]