### SMITH and another vs. OMANS.

The homestead of a judgment debtor is not liable to forced sale on execution, although the judgment was rendered in an action of *tort*.

APPEAL from the Circuit Court for *Dodge* County.

In 1858, one Richards, in an action against *Jacob Omans* for an assault and battery, obtained judgment for $1,000 damages. Execution was issued on the judgment, under which the sheriff levied on and sold certain land belonging to said *Omans*, for which a deed was issued to the purchasers, *Smith* and *Lander*, in May, 1861. The grantees in said deed then commenced the present action to recover possession of the land. The defense was, that the land was the defendant's homestead at the time said judgment was rendered, and said levy made. The circuit judge found that the land " was owned by said *Omans* at the time of the docketing of said judgment, and of said sale, and was occupied by him and his family as a residence, and used for agricultural purposes, and that said lands contained thirty-seven acres, and are not in a city or village or town plat, and were all the land owned by said *Omans* at the date of said judgment." He found also " that the defendant knew of the sale of said land by the sheriff, but did not, prior

to or at the time thereof, make any claim or give any notice to said sheriff of what he regarded as his homestead." As a conclusion of law, he held that the plaintiffs were entitled to recover possession of the lands; and judgment was rendered accordingly; from which the defendant appealed.

*F. Hamilton,* for appellant.

*E. P. Smith & H. W. Lander,* contra.

*By the Court,* PAINE, J. The only question which it is nec-essary to determine in this case is, whether the homestead of the judgment debtor is liable to forced sale on execution where the judgment was rendered in an action of tort? We are ful-ly satisfied that it is not, but that the spirit and object, as well as the letter, of our constitutional and statutory provisions on this subject, exempt the homestead from sale on a judgment in any civil action. The principal argument to the contrary is based upon the use of the words "debt," "debtor" and "con-tracted" in the constitution and the statute. The latter pro-vides that the homestead shall not be liable to forced sale "for any debt or liability contracted after the first day of January in the year one thousand eight hundred and forty-nine." It is said that the word "debt" includes only that which is owed upon an agreement, and that if there were any doubt about that, the use of the word "contracted" removes it, and shows that the intention of the legislature was to include only debts founded upon contract. But this is giving to those words a much narrower sense than that in which they were obviously used. For the word "liability," used in conjunction with the word "debt," is broad enough to include all claims, whether founded upon tort or contract. And although there may be a technical distinction between "debt" and "damages," still the word "debt" itself is commonly and generally used to describe all obligations to pay money, whether arising from contract or imposed by law as a compensation for injuries. And in this general sense the word was evidently used in this statute, and

the word "contracted" does not mean founded upon a contract, but it was used in its more general sense as equivalent to "incurred."

This seems very obvious, for the reason that wherever the legislature intends to express the idea which the respondent claims they intended here, they use different language, clearly appropriate to that end. Thus, in the constitution itself, sec. 16, Art. I, it is provided that "no person shall be imprisoned for debt arising out of or founded upon contract express or implied." This clearly implies that there may be debts "not founded upon contract"; yet there are none, according to the argument of the respondents, and this provision would have had no greater effect than it now has, if it had simply said that no person should be imprisoned for debt.

So in the attachment laws the plaintiff is required to make affidavit not only that the defendant is "indebted," but also that the same is "due upon contract express or implied," &c.

These instances show clearly the language which is used to describe the particular class of debts founded upon contract, and as clearly imply that the word "debt," in its general sense, is not applied to that class alone.

The provision of the constitution in respect to exemption laws is in the next section to the one above quoted, concerning imprisonment for debt. And if the framers had designed to limit the privilege of exemption to debts founded upon contract, the conclusion is irresistible that they would not have dropped the clear and appropriate language just used in the preceding section to express that idea, and have substituted for it the general language "for the payment of any debt or liability hereafter contracted." The object of the exemption laws is to protect the family of the debtor as well as himself. To secure this more effectually, he is prohibited even from alienating his homestead without the consent of his wife. Yet this beneficent purpose would be often wholly defeated if the homestead could be swept from under the family whenever the

husband chose to incur a liability for which an action of tort could be maintained.

There are also many other provisions of law, which are very clearly and satisfactorily commented on in the brief of the appellant's counsel, which all assume or imply that the homestead is exempt from sale on any execution.

The judgment is reversed, and a new trial ordered.