## PATRICK CONROY

*v.*

## MARY A. SULLIVAN *et al.*

HOMESTEAD EXEMPTION — *a protection against all judgments, whether ex contractu or ex delicto.* By the amendatory act of 1857, the homestead is exempt from sale under an execution issued on a judgment against the husband, whether such judgment is obtained for the violation of a contract, or his torts.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill for an injunction, exhibited in the court below by the appellant, against the appellees, Mary Ann Sullivan, Henry Moore and Joel K. Finley, charging that complainant was the owner of lot 9, in block 13, in the Illinois Central railroad addition to Centralia; that the property was purchased by him from one Luke Conroy, on the 6th of April, 1865, who then occupied the premises as a homestead; that the defendant, Mary A. Sullivan, at the March Term, 1865, of the Marion Circuit Court, obtained a judgment against the said Luke, in an action for slander, and had had execution issued and levied on the premises, and would sell the same, if not restrained by injunction of the court; that the same were occupied by him as a homestead, at the time of the rendition of said judgment. On the hearing in the court below, a decree was rendered for the defendants, dismissing the bill, to reverse which the case is brought to this court by writ of error.

Mr. B. B. SMITH, for the plaintiff in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The single question presented by this record is, whether the homestead is exempt from sale under an execution issued on a judgment obtained against the husband in an action for slander. It is true, this case does not fall within the actual terms of the homestead act of 1851. That exempted the homestead "from levy and forced sale, unaer any process or order from any court of law or equity in this State, for debts contracted from and after the 4th day of July, 1851." The judgment in this case was not strictly a "debt contracted." But the law of 1857 declared it to be the object of the legislature to prevent the alienation of the homestead in any case, except by the consent of the wife. In the light of both these laws, this court has constantly held, that it was the evident intent of the legislature to protect the homestead as a shelter for the wife and children, independently of any acts of the husband. He cannot deprive them of their right to it without the consent of the wife, either by his contracts or his torts. There is no more reason, so far as the wife is concerned, for permitting it to be sold for the husband's tort, than for his violation of a contract, and it is the evident policy of the law to forbid its being sold under a judgment and execution in either case. The decree of the court below must be reversed.

*Decree reversed.*