# Meredith *v.* Holmes.

*Statutory Contest of Claim of Homestead Exemption.*

1. *Homestead exemption; against what claims available*—A homestead, as secured by constitutional and statutory provisions from liability for "debts contracted," &c. (Code, § 2820), is not exempt from levy and sale under execution on a judgment in an action for a tort or trespass.

Vol. LXVIII.

[Meredith v. Holmes.]

APPEAL from the Circuit Court of Pike.

Tried before Hon. H. D. CLAYTON.

The appellant in this case, W. E. Meredith, obtained a judgment in the Circuit Court of Pike, on the 11th day of April, 1878, against John Holmes and others, for $350 damages, besides costs. An *alias* execution, issued on this judgment, was levied by the sheriff, on the 30th January, 1879, on a tract of land containing one hundred and sixty acres, as the property of said John Holmes, and which he claimed as his homestead. The claim of exemption, including said tract of land and certain personal property, was verified by the oath of the claimant, and filed for record in the office of the probate judge, on the 11th April, 1878, the same day on which said judgment was rendered. The plaintiff made affidavit, contesting the validity of the claim of exemption : and an issue was thereupon made up between the parties, as prescribed by the statute. On the trial of this issue, as the bill of exceptions shows, the plaintiff read in evidence his execution and judgment, with the summons and complaint in the action on which they were founded ; and the defendant read in evidence his claim of exemption, as filed and recorded. The plaintiff's said action was commenced on the 7th January, 1878; the complaint contained a count in trespass *quare clausum fregit*, and another in trespass *de bonis asportatis;* the cause was tried on issue joined on the plea of not guilty, and the jury returned a verdict for the plaintiff, for $350 damages. This being all the evidence adduced, the court instructed, the jury, on the written request of the defendant, that they must find the issue for the defendant, if they believed the evidence. The plaintiff excepted to this charge, and he here assigns it for error.

N. W. GRIFFIN, for appellant.

JNO. D. GARDNER, *contra.*

STONE, J.—The sole question in this case is, whether the homestead is exempt from execution levy and sale, under a judgment recovered in an action of trespass. The constitution (Art. X, sec. 2) exempts it from " sale on execution, or any other process from a court, for any debt contracted since," &c. The statute (Code of 1876, § 2820) declares it " exempted from levy and sale under execution, or other process, for the collection of debts contracted after April 23d, 1873." It will be observed that the language of each of these exemptions is, " from debts contracted ;" nothing said about liabilities incurred, or recoveries for torts committed. This precise ques-

[Lehman, Durr & Co. v. Kelly & Bro.]

tion, though never before raised in this State, has been many times before the courts of other States. In a large majority of the cases—in fact, in all, whose statutes employ language similar to ours, except, perhaps, the court of Illinois—the ruling has been, that the exemption does not extend to judgments and executions in actions of tort.—*Kenyon v. Gould*, 61 Penn. St. 2ð2 ; *Davis v. Henson*, 29 Ga. 545 ; *Schouton v. Kilner*, 8 How. Pr. 527 ; *Lathrop v. Singer*, 39 Barb. 396. Thompson, in his work on Homestead, sections 380–1–2, approves this construction. The decision in *Conway v. Sullivan*, 44 Ill. 451, is based on the peculiarity of their legislation. In North Carolina, and in Wisconsin, the language of their exemptions is different from ours. In the former of those States, two of the five judges dissented, Ch. J. PEARSON writing the dissenting opinion. A tort is not a " debt contracted," and our exemption of the homestead does not protect it against recoveries for torts. Possibly a different rule would obtain in the construction of sections 2823, 2824 of the Code ; but we do not decide this.

Reversed and remanded.