J. VanDeuzer, appellant, v. Edward Peacock and others, appellees.

Husband and Wife. A contract between husband and wife made in good faith, upon an adequate consideration, and not for the purpose of hindering, delaying, or defrauding creditors of the husband, will not be declared fraudulent from the mere fact that years afterwards the husband was unable to pay his debts.

Appeal from the district court of Johnson county. Heard below by Weaver, J.

*T. Appleget & Son*, for appellant. The pretended contract between Peacock and his wife being at most a verbal one, is of no force against creditors. *Reade v. Livingston*, 3 Johns. Ch., 483. *Siddle v. Needham*, Sup. Ct., Mich. The deed to Mrs. Starrett was made after the death of Mrs. Peacock, and upon the death of the wife, Peacock's interest by curtesy was liable for his debts, and a conveyance of it was void as to creditors. *Reade v. Livingston, supra. Bayard v. Hoffman*, 4 Johns. Ch., 450.

*S. P. Davidson*, for appellee, cited, to uphold the *bona fides* of the conveyance, *Patrick v. Patrick*, 77 Ill., 555. *Phillips v. North*, Id., 246. *Sweeney v. Damron*, 47 Id., 450. *Hovey v. Holcomb*, 11 Id., 660. *Gridley v. Watson*, 53 Id., 186. *Moritz v. Hoffman*, 35 Id., 554. The agreement, if verbal and uncertain, was consummated.

MAXWELL, CH. J.

This is an action in the nature of a creditor's bill. The petition alleges in substance that at the April, 1879, term of the district court of Johnson county, the plaintiff recovered a judgment against Edward Peacock for the sum of $691.00, and $9.31 costs of suit, which judgment still remains in full force and effect; that an execution was thereafter issued on said judgment, which on the — day of August, 1879, was returned wholly unsatisfied; that said Edward Peacock is insolvent; that after said Peacock contracted the debt upon which said judgment was recovered he became the owner of the north-west quarter of section 6, town 5 north, of range 11 east, and also the south-west quarter of section 20, town 4 north, of range 10 east, all in Johnson county, Nebraska; that on or about the 18th day of March, said defendant made an exchange of the north-west quarter of section 6, town

5, range 11, with one Mary Starrett, for the north-west quarter of section 29, town 4, range 10, and caused said land to be conveyed to William F. Peacock and Mary Peacock, minor children of said Peacock, without consideration, and with the intent to hinder and delay the creditors of Edward Peacock, etc.

Answers were filed by the defendants, to which it is unnecessary to refer. On the trial of the case the court found for the defendants and dismissed the action. The plaintiff appeals to this court.

It appears from the testimony that the defendant, Edward Peacock, in the year 1876, traded a farm owned by himself in Ford county, Illinois, which was heavily incumbered, to one John Yeoman, a resident of Indiana, for the two quarter sections of land first above described; that in November of that year, Peacock induced his wife to apply to her father for pecuniary aid, promising her if she obtained the same to convey one half of the land received from Yeoman to her; that thereupon she applied to her father, Henry F. Truelock, of Warren county, Illinois, for "one thousand dollars to finish paying for the land in Nebraska." His testimony on that point is as follows: "I told her that if she and her husband, Edward Peacock, would deed one quarter section of the land mentioned either to me or have it deeded to her, I would let her have some money, but could not let her have the amount she asked for. She said that she and her husband had agreed before she left home that if I would let them have some money, they would secure it by mortgage on the land or have the land deeded to her. I told her that if she took the deed in her own name I would be satisfied, and would let her have the money. With that understanding, accordingly, on November 13th, 1876, I went to the Union Bank, of Abingdon, Illinois, and bought a draft for $500.00 and sent it to

Edward Peacock," etc.    The cashier of the bank also testified to the amount of the draft and in whose favor it was drawn.    None of the land was conveyed to Mrs. Peacock, nor was any mortgage given to secure the money furnished by her father.    In October, 1877, Mrs. Peacock died.    Prior to her death she called the attention of her husband to the fact that no deed had been made to her for the lands in question, and requested him to have the same made to William F. and Mary E. Peacock, their infant children.

A few days after the death of Mrs. Peacock, her father called upon Edward Peacock, and was then informed by him that the land in question had not been conveyed to her, and Peacock then promised him to trade the land intended to be conveyed to his wife for land adjoining his own, and have the deed made to the children of Mrs. Peacock, which was afterwards done.    The note upon which the judgment was recovered, was given in renewal of a note given by William Peacock, the defendant being merely a surety thereon.    The renewal note was given a short time before Peacock traded the Ford county land to Yeoman. Upon this testimony we are asked to hold that the conveyance from Peacock to Starrett, and from Starrett to the children of Mrs. Peacock, is fraudulent and void as to creditors.

This is not a case where the husband was permitted to retain his wife's property and contract debts upon the belief that he was the owner of the same.    In such cases this court has held that the equity of the creditor was superior to that of the wife.    *Aultman v. Obermeyer*, 6 Neb., 260.    *Roy v. McPherson*, *ante* p. 197. The debt was not contracted upon the faith of this property, nor had the husband received the money from his father-in-law at the time the debt was contracted. That this money was actually furnished by Truelock,

and upon the promise that a mortgage was to be given for its security, or one half of the land conveyed to the wife of Peacock, there is no question. And that he could have insisted upon the performance of this agreement will not be denied. There is no testimony in the record showing the value of this land or that it was worth to exceed $500.00.

The ground upon which relief is sought in the petition is that there was no consideration for the conveyance from Peacock to Starrett, and from Starrett to the children of Mrs. Peacock. If it appeared from the testimony that such was the case, the land in question would be subject to the payment of the plaintiff's judgment. But in our opinion a sufficient consideration is shown. The fact that the money obtained from Truelock was not used in the payment of the land, but presumably in making improvements thereon, does not render the transaction void. The agreement has been consummated and derives its validity from the money actually furnished by the wife's father for her benefit, and the adequacy of consideration. A contract between husband and wife made in good faith upon an adequate consideration, and not with the intent to hinder, delay, or defraud creditors of the husband, will not be declared fraudulent from the mere fact that years afterwards the husband was unable to pay his debts.

After a very careful examination of the entire testimony in the case, we are of the opinion that the judgment of the court below is right, and it is affirmed.

JUDGMENT AFFIRMED.