Spear, C. J.
A preliminary question arises upon an objection made by defendant in error that because the plaintiff in error has brought into this court as defendant, only the pa-intiff below, the court cannot have jurisdiction for *291 want of necessary parties. If a reversal of the judgment would deprive defendant in error of any right as to parties below not present here, there would be force in this objection. But if the petition does not make a case against any of the alleged stockholders, it cannot prejudice the defendant in error that the other parties below are not parties in this court.
The petition is attacked here on two grounds. 1. That it is insufficient for want of an averment that the street railroad company was incorporated since the adoption of the constitution of 1851. 2. That there can be no liability in the present case against stockholders because stockholders are not liable for obligations of the corporation growing out of torts.
1. In support of the first proposition the argument is that in order to maintain the petition’ it must be held that stockholders in all corporations incorporated under the laws of Ohio are liable for the debts or liabilities of the corporation, which cannot be, for the reason that as to many, if not all. corporations organized prior to the adoption of the present constitution, no statutory liability whatever was imposed on stockholders. Hence an allegation such as is contained in the petition in this case that the “company is a corporation duly incorporated under the laws of the state of Ohio,” is not an allegation of organization under a law which imposes liability upon stockholders.
The point is one of some nicety, but We are hot impressed with its sufficiency. It will be noted that no demurrer was interposed by the plaintiff in error to the petition. On the contrary, he answered and went to trial. He filed no motion for new trial, took no bill of exceptions, nor did he ask a special finding of facts. The attention of the trial, court was not called to this alleged defect in the petition, nor does it appear to have been urged in the circuit court. Indeed it is stated in defendant’s brief, and not denied, that, upon the argument in the last named court, it was con-ceeded that the company was incorporated under the act of April 10, 1861, which act imposes liat hity in the identical terms of the constitution. It would appear that the party *292 is rather late in making this objection,'especially as he has apparently suffered no prejudice. However, waiving this, we think it proper to judicially notice that no statute existed prior to the adoption of the present constitution authorizing the incorporation of a street railroad company, and, having in mind the duty enjoined by our code, to construe pleadings liberally in order to assist the parties in obtaining justice, we are of opinion that the allegation that the “company is a corporation duly incorporated under the laws of the state of Ohio,” is a sufficient averment that it was incorporated under a law enacted since the adoption of the present constitution. And as no such statute would have been valid which did not impose the constitutional liability, (State ex rel. v. Shermau, 22 Ohio St. 411), and as it is not to be assumed that the legislature would enact an invalid statute, the further conclusion would follow that the company was incorporated under a law which did subject stockholders to liability for obligations of the corporation.
2. A more serious question arises with respect to the second point. Can the stockholders of an Ohio corporation be held for obligations of the corporation growing out of torts? It follows from'what has already been stated, that we must assume that this street railroad company was organized under a law which imposed upon stockholders just such liability as the constitutional provision requires. We look, therefore, to the constitution as our guide. The provision, section 3, of article 13, is: “Dues from corporations shall be secured, by such individual liability of the stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to. a further sum, at least equal in amount to such stock.” The question turns upon the import of the word “dues.”
It has been contended that provisions creating individual liability on the part of the stockholders are in derogation of the common law, and are, therefore, to be construed strictly. Authorities in support of this rule are not wanting, and, in so far as such liability is attached by way of penalty for the *293 omission of some act required by the statute, as in some of the states, it is probable that_the weight of authority favors the proposition. But all concede that this is a remedial provision, and to hold that there must be applied to it the same test as if it were a penal law, is to hold that all remedial laws must be so construed, for every remedial law must of necessity be in derogation of the common law. Where the provision is simply remedial, though it does impose an obligation which did not attach at common law, we see no reason to insist Upon what is called a strict construction, but believe that the ordinary rule which requires the court to inquire simply as-to the intent ot the law-makers, reading the provisions as they were intended to be read, will best attain the ends of justice. This leads us to look to the intent of the section quote& Speaking in general terms, it must be manifest that the intent was to provide that those who derive advantage from the authority of the state, given by our incorporation laws, shall, at the same time, assume responsibility .for the acts of the artificial creature which they have called into legal being, affecting the rights of others. Having in mind this general intent, and the provision being remedial, it should, we think, be construed with a view to remove the evil and extend the benefit proposed.
It is conceded that if a cause of action for a tort can be treated as a “debt,” the liability of the stockholders for it would follow. The affirmative of this is asserted, and the following authorities are cited in its support. Carver v. Manufacturing Company, 2 Story, 432; Milldam Foundry v. Hovey, 21 Pick. 417; Grey v. Bennett, 8 Met. 522; Smith v. Omans, 17 Wis. 395, and White v. Hunt, 6 N. J. R. 418. To the contrary of this, counsel for plaintiff in error cite: Bohn v. Brown, 33 Mich. 257; Cable v. McCune, 26 Mo, 371; Doolittle v. Marsh, 11 Neb. 248; Heacock v. Sherman, 14 Wend. 59; Archer v. Rose, 3 Brewster, 264; Child v. Iron Works, 137 Mass. 516; Cook’s Stock and Stockholders, §220; Morawetz, §§ 608, 613; Nanson v. Jacobs, 6 S. W, Rep. 246 (Mo.); Evans v. Lewis, 30 Ohio St. 14; Crouch v. Gridley, 6 Hill, 250; Kellogg v. Schayler, 2 Denio, 73, and *294 Zimmer v. Schleehauf, 115 Mass. 52. A review of these authorities would be important if a holding upon the proposition were necessary to a decision of the case before us. "We think it is not.
It would seem to be the undoubted duty of the court to ‘.give the word “dues,” as found in the section quoted, such construction as will secure the apparent object of the constitution-makers in its adoption. Constitutions are neces-.sárily couched in terse language, and we look there for the use of words in a broad, comprehensive sense. This term ’“dues” is of extended import. Among other definitions Ratham .gives the singular: owed; capable of being justly demanded; that which may be justly claimed. Worcester: that which any one has a right to demand. Webster: that ought to be paid or done to or for another; justly claimed as a right or property; fulfilling obligation; that which belongs or may be claimed as a right; whatever custom, law, or morality requires to be done; right, just title or claim. Bouvier defines it as what ought to be paid; what may be •demanded. It seems natural to say that where one is injured by the negligence of another, reparation is due. This implies a legal demand for reparation, and in Heacock v. Sherman, supra, Justice NERSON admits that the word '“demand,” found in the New York statute, if it stood alone, would be broad enough to include a cause of action for a tort.
It is difficult to see any reason why the framers of the ■constitution' should intend to afford one who gives credit for goods or money to a corporation a right to demand compensation of the stockholders in case of insolvency, and deny a like right to one who intrusts it with the care of his person, as in the case of a passenger, or to one even a stranger who, without fault on his part, is injured by the negligence of the corporation’s agents. It may well be asked: are the rights of things more sacred than the rights of persons? Is there any rule of public policy which would justify the protection of rights arising ex contractu, which would not equally call for protection of rights arising ex delicto, or any claim for unliquidated damages? Suppose, as is suggested by Mr. Justice Story, in illustrating his proposi *295 tions in Carver v. Manufacturing Company, supra, a contract by a corporation to manufacture goods of a particular quality or character, or to emplóy workmen, to be wholly broken, so that the right of the injured party would be, not to money, but to unliquidated damages; if these would be without the purview of the statute, it would have a very narrow and inadequate range. Or, suppose a manufacturing corporation to obstruct its neighbor’s mill privilege, or stop his works by back flowage, we see, at once, that an insolvent corporation might do irreparable mischief without any just redress. Or, suppose an insolvent corporation should unlawfully convert 1000 bales of cotton belonging to a third person, the mischief could be redressed only by an action of trover for unliquidated damages,-and'.if the individual operators were not liable, after an unsatisfied judgment, the statute would be little more than a delusion. A narrow construction would exclude recovery in all these -cases; a broad, liberal construction, .such as should be given to a remedial provision, would afford relief, and thus attain the objects which, it would seem, was in the contemplation of 'the lawmakers.
As conclusion, we are of the opinion that the word “dues” should receive a beneficial construction, one which will include within its scope as well a demand for unliquid-ated damages for a tort, as a claim for a debt, arising upon Contract.
The plaintiff in error was the owner of stock in this insolvent corporation while the action was pending against it; Being a claim for which liability attached to the stockholders, as we have found, it rested upon him to an amount equal to his stock. Before the judgment was rendered he assigned his stock to'one who, at the beginning of, the present suit, and at the time of trial, was insolvent. He could not thus shift the responsibility.
The question involved in this case, as to the meaning of term “dues,” was not before the court in either Evans v. Lewis, 30 Ohio St. 14, or Brown v. Hitchcock, 36 Ohio St. 667, and we do not understand our conclusion to be inconsistent with the decision in either of those cases.
*296 In the court of common pleas a counsel fee was taxed for plaintiff below, and the same was included in the judgment as part of the costs. This was manifest error, but inasmuch as defendant in error has, since the argument, ■remitted the amount, no farther notice need be given it.
Other grounds of error are alleged. An inspection of the record fails to satisfy us that either is well taken.

Judgment affirmed.