HENRY MERTZ v. THOMAS A. BERRY.

*Homestead—Exemption—Judgment founded in tort.*

Art. 16, § 2, of the Constitution, which exempts a homestead from forced sale on execution, or any other final process of a court, for any debt contracted after the adoption of the Constitution, must be construed as exempting the homestead from execution and sale upon all judgments, whether founded in tort or in contract.[1]

Appeal from St. Clair. (Vance, J.) Submitted on briefs April 6, 1894. Decided June-16, 1894.

Bill to set aside a levy upon complainant's homestead, and the sale thereunder. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Avery Bros. & Walsh,* for complainant.

*Edwin F. Conely* and *Orla B. Taylor,* for defendant.

McGRATH, C. J. The sole question in this case is whether, under our Constitution, the homestead is exempted from levy and sale under an execution issued upon a judgment recovered in an action of tort.

The Constitution provides (article 16, § 2) that—

" Every homestead  *  *  * shall be exempt from forced sale on execution, or any other final process from a court, for any debt contracted after the adoption of this Constitution."

The statute provides (How. Stat. § 7721) that—

" A homestead  *  *  * shall not be subject to forced sale on execution, or any other final process from

---

[1] With this case as reported in 24 L. R. A. 789, is a note on exemption of homestead from liability for torts.

a court, for any debt or debts growing out of or founded upon contract, either express or implied, made after the third day of July, A. D. 1848."

This statute was, however, passed in 1848, before the adoption of the present Constitution.

Upon examination of the proceedings of the constitutional convention of 1850, it will be observed that sections 1, 2, and 3 of this article, as first reported, read as follows:

"1. The personal property of every resident of this State shall be exempted, to the amount of not less than $500, from sale on execution or other final process of any court of law or equity.

"2. The homestead of every family, of not less than 40 acres, which shall not be included in any city, village, or recorded town plat, or, in lieu thereof, any lot in any city, village, or recorded town plat, shall not be subject to forced sale for any debt hereafter incurred; nor shall the owner of such homestead, if a married man, alienate the same by any deed of conveyance, without the consent of his wife, obtained in due form of law.

"3. The homestead of any family, after the death of the owner thereof, shall likewise be exempt from the payment of his debts contracted after the adoption of this Constitution, in all cases where any minor children shall survive the death of such owner, for their benefit and support during minority." Const. Deb. 1850, p. 240.

When these sections were under consideration, it was urged that the first section was retrospective in its action; and, to obviate that objection, Mr. Pierce offered the following as an addition thereto:

"Issued for the collection of any debt contracted after the adoption of this Constitution." Const. Deb. 1850, p. 667.

The article was again taken from the table, when a substitute was offered for sections 1, 2, and 3. Thereupon, certain amendments were offered as a substitute for the

former substitute, which amendments prevailed. The article was then recommitted, with instructions. The committee immediately reported back the article, "amended agreeably to instructions." The article was then passed, and, under the rule, referred to the committee on arrangement and phraseology. Up to this time, it nowhere appears that section 2 had been amended, or that any instructions had been given respecting amendments thereto, except such as appear on pages 740 and 741, which do not relate to this subject. The committee on arrangement and phraseology reported back the article, and, in their report, the language, "for any debt contracted after the adoption of this constitution," first appeared as substituted for the language, "for any debt hereafter incurred." This would appear to have been done to make the language of the three sections uniform.

The subject of exemptions was very fully discussed. The retrospective effect of the first section, as it appeared when first reported, was objected to, but nowhere was any distinction hinted at between debts founded on contract and those founded in tort; and it affirmatively appears that the language added to the first section was appended for the express purpose of obviating the objection raised. The statutes existing at that time relating to the exemption of personal property exempted the property specified from levy and sale "under any execution, or upon any other final process of a court." The statute of 1848, relating to real property, above quoted, was clear and explicit, and clearly applies only to "debts growing out of or founded upon contract, either express or implied, made after," etc. The debates furnish no indication of an intention to make the constitutional provision relating to the exemption of personal property more restrictive than the statutory provisions upon the same subject. Pending

the discussion of these sections, which was a protracted one, the second section read, "any debt hereafter incurred;" and, although the section was amended in other particulars, no reference appears to have been made to this language.

The word "debt" is one ' of large import, including debts of record or judgments.   *Gray v. Bennett*, 3 Metc. 526; *Insurance Co. v. Meeker*, 37 N. J. Law, 301; *In re Estate of Lambie*, 94 Mich. 489.   A judgment founded in tort is a debt.   What, then, is the office of the language which follows the word "debt?"   Is it to qualify the word "debt," or, in other words, to indicate what class of debts the exemption was intended to include, or was it used for the purpose of making the provision prospective, instead of retrospective,—in other words, to limit the operation of the provision to debts afterwards incurred?   In view of the history recited, we are inclined to the latter view. The word "contracted" is sometimes used in a broader sense than that contended for by defendant.   A disease may be contracted, while not contracted for.   The words "liability contracted," etc., have been said to have a broader signification than the words "debt contracted," etc.; but a contract liability is as much a liability growing out of a contract as is a contract debt a debt founded upon contract.   In either case, if the word "contracted" can be said to qualify the word which precedes it, the result is the same, so far as the limitation of the qualified word is concerned.   There are a number of authorities which hold that under such a provision the homestead is not exempt from execution issued upon a judgment founded in tort.   *Robinson v. Wiley*, 15 N. Y. 489; *Lathrop v. Singer*, 39 Barb. 396; *Kenyon v. Gould*, 61 Penn. St. 292; *Kirkpatrick v. White*, 29 Id. 176; *McLaren v. Anderson*, 81 Ala. 106; *Williams v. Bowden*, 69 Id. 433; *Burton v. Mill*, 78 Va. 468.   In Indiana and Georgia the language

is, "debts founded on contract." In Wisconsin the language is, "for any debt or liability contracted after," etc.; and it is there held that the homestead is exempt from levy and sale upon a judgment founded in tort. *Smith v. Omans,* 17 Wis. 395. In Illinois the language is the same as ours, but there is another statute which prohibits an alienation of the homestead in any case by the husband, except with the consent of the wife, and the courts of that state have held that, in the light of both of these laws, it was the evident intent of the legislature to protect the homestead, as a shelter for the wife and children, independently of any acts of the husband. In *Conroy v. Sullivan,* 44 Ill. 451, the court say:

"He [the husband] cannot deprive them of their right to it [the homestead] without the consent of the wife, either by his contracts or his torts. There is no more reason, so far as the wife is concerned, for permitting it to be sold for the husband's tort, than for his violation of a contract, and it is the evident policy of the law to forbid its being sold under a judgment and execution in either case."

See, also, *Loomis v. Gerson,* 62 Ill. 11. The Illinois cases have been criticised by some of the text writers, but we think the rule laid down by that court is sound.

As a general rule, only such property as the owner or debtor himself might sell can be taken on execution against him. *Coombs v. Jordan,* 3 Bland, 284; *French v. Mehan,* 56 Penn. St. 286; *Gentry v. Wagstaff,* 3 Dev. 270; *Knox v. Hunt,* 18 Mo. 243. It has frequently been held by our own Court that any deed, release, or mortgage, except for purchase money, of the homestead exemption, by the husband, without the signature of the wife, is void as to both. As early as the case of *Beecher v. Baldy,* 7 Mich. 488, 506, it was held that, where the householder is a married man, he cannot, by any waiver, consent to a sale on execution, so as to render such sale valid, without the

consent of the wife.    Justice CHRISTIANCY, in that case, speaking for the Court, says:

" For, in such case, the validity of the sale would rest upon his consent, in the same manner as if he had conveyed by deed; and, if deeded by him under the like circumstances, the deed would be void, even as to him, without the signature of the wife.    Such, we think, is the effect of the express provision of the Constitution.    *    *    *    The object of the exemption was quite as much to protect the wife and family as the husband."

Mr. Justice CAMPBELL, in *Penniman v. Perce*, 9 Mich. 528, says:

"The wife has an absolute and vested interest in the homestead, which her husband has no power to discharge or affect."

We do not think that it was the intention of the framers of the Constitution to prohibit a voluntary alienation by the husband, and at the same time permit an involuntary alienation.    It was not intended that a mortgage executed by the husband upon the homestead without the consent of the wife should be void, but that in case the husband represented that he was not married, and that the premises mortgaged were not a homestead, a judgment founded upon the fraud, and not upon the contract, could be enforced against the homestead property.    In view of the language employed, the light thrown upon the use of the phrase by the record of the proceedings of the convention, the fact that the language of the existing statute upon the same subject was not adopted, and the effect which has already been given to this provision as respects alienation by the husband, the provision must be construed as exempting the homestead from execution and sale upon all judgments, whether founded in tort or in contract.    It may be said, also, that this Constitution has for nearly 50 years received this construction, and to give it that con-

tended for by defendant would be a surprise to the bar and people of this State.

The decree is affirmed, with costs.

The other Justices concurred.