[Williams v. Bowden.]

# Williams *v.* Bowden.

*Contest of Exemptions.*

1. *Judgment for statutory penalty; no exemptions against.*—As against a judgment rendered for the recovery of the penalty given by statute against a mortgagee for failure to enter satisfaction of the mortgage upon the margin of the record, after its payment (Code of 1876, § 2223), there is no constitutional or statutory exemption in this State.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

M. J. Bowden and J. E. Parish, the appellees, having obtained a judgment against S. A. Williams and D. Williams, the appellants, for two hundred dollars, for a failure on their part to enter satisfaction upon the margin of the record of a mortgage, being the penalty prescribed by section 2223 of the Code of 1876, caused an execution to be issued thereon on the 29th of November, 1880, which was levied on the respective homesteads of the appellants. They having separately claimed their homesteads as exempt, the execution was duly returned, showing this fact; and thereupon, the appellants having made the necessary affidavits for a contest of the exemptions so claimed, an issue was made up and tried in each case. The Circuit Court held that the homesteads were not exempt from levy and sale under the execution issued on said judgment, and so charged the jury, in substance, and the appellants excepted. There was a verdict in each case in favor of the appellees on which judgments were rendered condemning the homesteads to sale for the satisfaction of appellees' judgments. From these judgments separate appeals were taken to this court. The ruling of the Circuit Court above noted is here assigned as error in both cases.

N. W. GRIFFIN, and M. N. CARLISLE, for appellants.

JOHN D. GARDNER, *contra.*

(No briefs came to the hands of the reporter.)

STONE, J.—The judgment, which is the foundation of the proceedings in these cases, was rendered on a penalty, and not on a "debt contracted." Our constitutional provision, and stat-

28

utory exemption, do not embrace such a claim as this.—*Meredith v. Holmes*, 68 Ala. 190; Thompson on Homestead, §§ 380 to 383; Code of 1876, § 2820.

Affirmed.