# Bailey *v.* The State.

*Indictment for Larceny, and for Receiving Stolen Goods.*

1. *Sentence to hard labor for county, on non-payment of costs; local law in Jefferson.*—In a criminal case, the costs not being presently paid or secured (Code, §§ 4502-04), a sentence to hard labor for the county for their satisfaction is not violative of the constitutional provision which prohibits imprisonment for debt; and the local law prevailing in Jefferson county, authorizing convicts sentenced to hard labor to be employed in working on the public roads, and giving the officers and witnesses recourse only against the fine and forfeiture fund of the county for the recovery of their fees (Sess. Acts 1887-8, p. 818), does not in any manner change this principle.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case contained two counts, the first charging the defendants, W. W. Bailey and others, with the larceny of a trunk and its contents, alleged to be worth $250; and the second, that they received, concealed, or aided in the concealment of the trunk and its contents, knowing that the same had been stolen, and not having the intent to restore the property to its owner. On the trial, Bailey was found guilty under the second count, the value of the stolen property being assessed at $20; and he was thereupon sentenced by the court to hard labor for the county for six months, and to an additional term of 143 days on non-payment of the costs. He afterwards made a motion to have the costs re-taxed, and excepted to the overruling of his motion.

B. M. ALLEN, for the appellant.

[Bailey v. The State.]

W. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant, being convicted of larceny, was sentenced to perform hard labor for the county of Jefferson, for a period of time not exceeding eight months, to satisfy certain costs incurred in the prosecution of the case, and taxed as fees in favor of the solicitor, clerk of the court, sheriff, and certain State witnesses. The sentence seems to have been made in accordance with the rules prescribed by section 4504 of the present Code, which provides for the sentence of convicts to additional hard labor imposed for costs, if not presently paid, or if judgment is not confessed therefor, as provided by law.

We have repeatedly held that imprisonment of one convicted of crime, for the satisfaction of costs incurred by the State in his prosecution, or to which the State, if it were liable for costs, should be subjected, is not an infringement of that provision of the Constitution, which provides that "no person shall be imprisoned for debt."—*Bradley v. State*, 69 Ala. 318; 3 Brick. Dig. p. 141, §§ 197 *et seq.*, and cases cited. The authority of these decisions is not denied. But it is contended that, inasmuch as the defendant in this case is sentenced to hard labor under the provisions of the act approved February 18th, 1887, entitled "An act relating to the working of male convicts sentenced to hard labor for the county of Jefferson, upon the public roads of said county" (Acts 1886–87, pp. 818–21), the fees are no longer due the officers and witnesses, and there is no authority for the enforcement of their collection by hard labor.

The only sections of this act which bear particularly on the case are sections 11 and 16. There is nothing any where found in its provisions that can be construed as intended to repeal sections 4502 to 4504 of the present Code (1886), which authorize the defendant to pay the fine and costs, or confess judgment therefor, with good and sufficient sureties, as in other cases. It is only where the fine and costs are not presently paid, or secured by confession of judgment, with proper sureties, that any sentence to hard labor can be enforced for their satisfaction. The general law on this subject, as contained in the above cited sections of the Code, is perfectly consistent with the provisions of the special act in question, relating to the county of Jefferson.

Section 11 of the latter act, in effect, transfers to the

[Ex parte State, in re Long.]

county of Jefferson the right to the labor of all convicts sentenced in that county to hard labor for such county to pay the fine and costs assessed against them on conviction in prosecutions for crime, and this without liability to pay either the fine or costs incident to such conviction. Section 16 gives the officers of court and witnesses recourse only against the fine and forfeiture fund of the county for the recovery of their fees. We can not perceive that this transfer of rights, as to the benefits accruing from the enforcement of a satisfaction of the costs, in any manner changes the nature of the defendant's imprisonment. It is precisely for the same length of time, and is exacted to satisfy the same demand—viz., the costs incurred at the instance of the State in the prosecution of the defendant.—*Smith v. State*, 82 Ala. 40; *Wynn v. State, Ib.* 55. The only persons affected by the change are the officers of court and the witnesses, and it is not shown that they either do, or can, legally complain, that the benefit of their services has to some extent been taken away from them, and given to the county of Jefferson. Costs and fees of this character are *ex gratia*, and not *ex debito*. They are conferred by the statute, and may be taken away in the same mode.

It is our opinion that the act of February 18th, 1887, under consideration, authorizes the imposition of additional hard labor to pay the fine and costs in conformity to the provisions of the general law, as contained in sections 4503 and 4504 of the present Code; and that the objections taken to its constitutionality are without merit.

The judgment is accordingly affirmed.