No. 339.

DONALDSON, SHERIFF, v. BANTA.

COSTS.—*Independent Judgment for.*—*Not a Debt Founded Upon Contract*— *Right of Exemption Against.*—The right of exemption does not exist against an execution issued upon a judgment for costs in favor of the defendant against an unsuccessful plaintiff in an action founded upon or growing out of a contract. Where costs are recovered independent of any other judgment, they do not constitute a debt founded upon contract. While the judgment for costs in the case at bar may be an incident to a suit upon contract, the law does not permit the right of exemption against such a judgment.

From the Cass Circuit Court.

*G. E. Ross*, for appellant.

*D. P. Baldwin, M. Winfield* and *G. C. Taber*, for appellee.

CRUMPACKER, J.—The controlling question in this case is, does the right of exemption exist against an execution issued upon a judgment for costs in favor of the defendant against an unsuccessful plaintiff in an action founded upon or growing out of contract?

If such right exists it is conferred by section 703, R. S. 1881, which provides that an amount of property not exceeding six hundred dollars in value shall be exempt from sale upon execution or other final process " for any debt growing out of or founded upon contract express or implied."

No exemption is allowed under this statute unless the debt under which it is claimed was founded upon or grew out of a contract, express or implied. The right does not exist against judgments in actions for tort. *Nowling* v. *McIntosh*, 89 Ind. 593; *Thompson* v. *Ross*, 87 Ind. 156; *Gentry* v. *Purcell*, 84 Ind. 83; *Smith* v. *Wood*, 83 Ind. 522; *Dorrell* v. *Hannah*, 80 Ind. 497.

Where a suitor obtains a judgment for damages in an action for tort, or a money recovery in an action upon contract, and is awarded costs, the judgment is an entirety,

and must be collected according to the laws for the collection of the judgment for damages, or the money recovery upon contract.   In other words, the judgment for costs is an incident to and must be controlled in its collection by the principal judgment.   This is so even where the principal judgment is only for a nominal amount.

This was decided in the case of *Church* v. *Hay*, 93 Ind. 323, wherein the court said: "The costs recovered by the judgment plaintiffs constituted a part of the judgment on the cause of action; the judgment was an entirety, and belonged to the judgment plaintiffs upon the theory that they had paid them as they accrued, or are liable for their payment; and no contract, express or implied, existed betwen the judgment plaintiffs and the judgment defendants in relation to them.   The law requires them to be repaid by the judgment defendant, not because they had been paid for his use, but because he had caused the plaintiffs to pay them in order to protect their own rights."

The doctrine that a judgment for damages and costs is an entirety, and the costs shall be collected in the same manner as the judgment to which they are incidental was declared in the case of *Martindale* v. *Tibbetts*, 16 Ind. 200. In deciding the question the court said: "The judgment for the debt and costs is an entirety; the costs following as an incident to the judgment for the debt, and to be collected in the same manner."

Where costs are recovered, independent of any other judgment, they do not constitute a debt founded upon contract.   There is no contract, express or implied, that an unsuccessful plaintiff will indemnify the defendant for the costs occasioned by the litigation, but the right to recover costs is purely statutory, and in the absence of a statute authorizing it they could not be recovered as

such by the prevailing party. *Alexander* v. *Harrison*, 2 Ind. App. 47.

In an action *ex delicto* if the plaintiff is unsuccessful and the defendant recovers costs no exemption is allowed against such judgment, not because the costs partake of the nature of the subject-matter of the action, but because the right thereto is statutory and not a matter of contract. *Russell* v. *Cleary*, 105 Ind. 502. The same principle was applied in the case of *State, ex rel.*, v. *McIntosh*, 100 Ind. 439, wherein the court said: "Costs are not matter of contract, but they are given or withheld by statute."

Whether the right of exemption exists against a judgment for costs rendered against an unsuccessful plaintiff in an action founded upon contract has never been expressly decided by the Supreme Court in this State, but we can see no good reason for the application of a different rule in such cases from that applied to a judgment under like conditions in an action for tort. Because in the one instance the suit is *ex contractu* it can not impart to an independent judgment for costs the qualities of a contractual obligation. The right to recover costs is conferred by the very same statute in both cases and must, upon the clearest principles of jurisprudence, be the same.

It was held in *Lane* v. *Baker*, 2 Grant Cas. (Pa.) 424, that costs do not partake of the nature of the action. The court, by Black, C. J., said: "A party is not a trespasser because he sues another for trespass."

We can perceive ample reasons for the rule requiring costs to be collected by the same law as the principal judgment when they are awarded as part of and incidental thereto, but these reasons do not apply to independent judgments for costs.

But it is insisted in defense of the ruling of the trial court that the judgment for costs under consideration is an incident to a *suit* upon contract. This may be con-

ceded, but the law does not permit the right of exemption to be asserted against a debt that is an incident of a *suit* upon contract. The debt must be an incident of the *contract.* If one of the parties to an action upon contract should disobey an order of court duly entered in the case and be fined for such disobedience as for contempt of court the fine, with equal force, might be said to be an incident of a suit upon contract, yet it could not be maintained that the right of exemption would exist against an execution for its collection. .

There is a clear distinction between liabilities incidental to *suits* upon a contract and debts growing out of or founded upon a contract. The rule is stated in Am. & Eng. Encyc. of Law, vol. 7, p. 133, as follows: "Costs are usually given or withheld by statute, and where the right of exemption is confined to cases of debt by contract, it seems that no exemption can can be claimed against execution issued upon a judgment for costs."

Following the logic of the doctrine declared in the authorities, the conclusion is coerced, that a judgment for costs disconnected from any other judgment for recovery, whether in an action *ex delicto* or *ex contractu,* is purely statutory, and is not a debt growing out of or founded upon contract within the meaning of our exemption laws.

Other questions are discussed by counsel, but as the case must be reversed for error in overruling the demurrer to the complaint, it will not be necessary to decide them, for they will not likely arise at another trial.

The judgment is reversed, with instructions to sustain the demurrer to each paragraph of the amended complaint.

Filed Oct. 27, 1891; petition for a rehearing overruled June 11, 1892.