[Northern v. Hanners.]

# Northern v. Hanners.

*Claim of Exemption.*

121　587
130　650

121　587
133　394

1. *Exemption; not allowed against costs in action of tort.*—If, in an action in tort, the plaintiff fails in his suit, and judgment for costs is rendered against him, he cannot, by claim of exemption under the constitution and statutes of this State, escape the payment of the execution issued on the judgment.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. GEO. E. BREWER.

James T. Hanners sued the defendant, C. S. Northern, in an action in tort, and failing in his suit, judgment was rendered against him for costs of suit. Execution issued on this judgment and was levied on the personal property of the plaintiff. He interposed a claim of exemption which the defendant contested. Judgment having been rendered in this contest against the contestant, he appeals. Reversed.

WHITSON, GRAHAM & HAYNES, and M. N. MANNING, for appellant, cited the following authorities: *Wright v. Jones,* 103 Ala. 539; *Stuckey v. McKibbon,* 92 Ala. 624; *Meredith v. Holmes,* 68 Ala. 190; *Penton v. Diamond,* 92 Ala. 610; *Russel v. Clary,* 105 Ind. 502; *Lathrop v. Singer,* 39 Barb. 396; *Davis v. Henson,* 29 Ga. 345.

STOCKDALE & STOCKDALE, and KNOX, BOWIE & DIXON, *contra,* cited, *Inzer v. Hunt,* 76 Ala. 595; *Webb v. Edwards,* 46 Ala. 17; *Kennedy v. Smith,* 69 Ala. 83. (2). Costs against the *defendant* in action of tort partakes of the judgment but not so as to costs against the *plaintiff,* because he is not the wrong-doer by bringing suit in the courts. The authorities cited are: *Williams v. Bowden,* 69 Ala. 433; *McLaren v. Anderson,* 81 Ala. 106; *Brown v. A. G. S. R. R. Co.,* 87 Ala. 370; *Randolph v. B. & P. Sup. Co.,* 106 Ala. 501; *Lane v. Baker,* 2 Grand Cases 424.

[Northern v. Hanners.]

TYSON, J.—In all civil actions the successful party is entitled to full costs for which judgment *must* be rendered against the unsuccessful party, unless in cases otherwise directed by law.—Code, § 1325. It is of no consequence whether the plaintiff or defendant is the successful party. If the defendant is the successful party he recovers his costs of the plaintiff for which judgment must be rendered by the court and he is entitled to have execution upon this judgment issue against the plaintiff, as much so, as the plaintiff would be entitled to a judgment and execution for costs and damages had he been successful.

Costs are not recoverable by virtue of any contract, expressed or implied, between the parties litigant, nor is the judgment which the court is authorized to render, indeed, we may say, which the statute peremptorily declares shall be rendered, based upon any supposed contractual relations existing between the parties to the record. Nor was the statute commanding this judgment to be rendered by its enactment or operation intended to be enforced upon any such theory. At common law costs were not recoverable and were not adjudged in the judgment in the case.—*Stewart v. Hood*, 10 Ala. 600; *City Council of Montgomery v. Foster*, 54 Ala. 63. In certain class of cases the plaintiff was permitted to have the defendant "amerced for his willful delay of justice in not immediately obeying the King's writ by rendering the plaintiff his due, or to have him taken up, *capiatur*, till he pays a fine to the King for the public misdemeanor which is coupled with the private injury, in all cases of force, of falsehood in denying his own deed, or improperly claiming property in replevin, or to have him adjudged guilty of contempt for disobeying the command of the King's writ." It was not until the enactment of the statute of Gloucester that costs, *eo nomine*, were recoverable by the plaintiff in real actions, and under that statute the practice of the courts was to award costs of the "writ purchased" in addition to the damages recovered against the defendant. By statutes the plaintiff's right to recover all costs was extended to all cases in which he was successful. But no costs were allowed the defendant in any action when he was suc-

[Northern v. Hanners.]

cessful until the statute of 23 Henry VIII, which was amended from time to time until he was equitably given the same right as the plaintiff to recover the same costs as the plaintiff would have had if he had recovered. In all cases the costs were taxed by the proper officer of the court.—2 Cooley's Blackstone, bk. III, p. 399. Courts have, now, no inherent power to award costs, which can be only granted in any cause or proceeding by virtue of express statutory authority.—5 Am. & Eng. Ency. of Law, Pl. & Pr. n. 2 p. 110.

Under the system of costs and fees as provided by our statutes, cost is not granted by the courts of this State as damages to the successful party, but rather in the nature of a penalty imposed upon the unsuccessful party. By express statute the law of costs must be held to be penal.—Code, § 1353; City Council of Montgomery v. Foster, supra; Dent. v. The State, 42 Ala. 514. The amount of the costs recoverable is limited to the fees of the officers of the court and witnesses required to attend upon the court, which are fixed by law, and whose compensation, as fees, must be paid by the parties at whose instance they are rendered. As to the officers rendering the services and the witnesses who attend in obedience to a subpœna, while their fees are taxed so as to make up what is known as the bill of cost in the case and limits the amount of the recovery of the successful party, the cost is not recovered by the judgment in their names, nor have they such an interest in it as entitles any one of them to an execution upon the judgment, except in the case where the plaintiff is the sucessful party and the execution against the defendant is returned "no property found," execution may issue in the name of the clerk against the plaintiff for all costs created by him.— Code, §§ 1361, 1889. So far as the officers of court and the witnesses are concerned the fees due to them are mere debts based upon an implied promise to pay by the party at whose instance or request they perform the service.—Dane v. Loomis, 51 Ala. 487; Hill v. White, 1 Ala. 576; S. & N. Ala. R. R. Co. v. Bradley, 84 Ala. 468, and authorities there cited. As between them and the parties litigant, they would be compelled to resort to independent suits for services rendered for the collection of

their fees, were it not that by the process of execution the costs must be collected by the sheriff and he is, of course, justified in retaining out of any money collected by him upon the execution the *fees* due in the cause, since if paid over by him to the party in whose favor the execution runs, such party could be compelled by suit to pay it back to him for the officers and witnesses entitled to it. The judgment in favor of the successful party for costs, however, has no element of debt in it. *Lathrop v. Singer*, 39 Barb. 396. If it had, certainly the statute commanding the courts to render judgment in favor of the State of Alabama for costs against a defendant convicted of a misdemeanor, and if not presently paid or confessed to imprison him or compel him to perform labor would be violative of that provision of the constitution 'that no person shall be imprisoned for debt." That these statutes are not offensive to the constitution, cannot now be regarded as debatable.—*Morgan v. The State*, 47 Ala. 34; *Caldwell v. The State*, 55 Ala. 133; *McDowell v. The State*, 61 Ala. 176; *Bailey v. The State*, 87 Ala. 44.

As to the nature and character of the judgment for the cost, costs being a mere incident to the suit, the judgment partakes of the nature and character of the suit. If the cause of action declared upon by the plaintiff is in tort, the judgment as to damages and costs recovered by him, must follow the complaint and of necessity be in tort.—*Stuckey v. McKibbon*, 92 Ala. 622; *Williams v. Bowden*, 69 Ala. 433; *McLaren v. Anderson*, 81 Ala. 106. And the complaint may be looked to for the purpose of determining the nature of the judgment; indeed "it has never been the practice to recite in the entry of judgments or for it to appear in any way thereby whether the action and recovery are *ex contractu* or *ex delicto*." *McDaniel v. Johnston*, 110 Ala. 531. If the plaintiff fails in his suit in tort, upon what principle can it be said that the judgment recovered by the defendant against him for cost, does not follow the complaint and is in tort? It may be true as urged by appellee's counsel that the plaintiff does not become a tort-feasor by the institution of his suit. But it does not follow from this, as argued by him, that the judgment is as upon a

[Davidson v. Watts Mining Car Wheel Co.· *et al.*]

contract. The wrong committed by him for which he became liable for costs to the defendant in the judgment, consisted in the institution of a suit that he could not successfully maintain and for which the statute imposed upon him the costs to partake of the nature of his complaint. The exemption of personal property allowed under the constitution and statutes of this State is only as against debts contracted.—Const. Art. X, § 1; Code 1896 § § 2033-3037. In the case in hand, the suit of the appellee, plaintiff, was in tort and he, failing to prosecute it successfully to judgment, was not entitled to claim his exemptions against the execution issued against him for the costs recovered by the defendant, appellant.—1 Freeman on Executions (2nd ed.) 3217; *Russell v. McLeary,* 105 Ind. 502; *Schanton v. Kilmer,* 8 Howard's Pr. Rep. 527.

The judgment of the circuit court must be reversed and the cause remanded.