# Crawford v. Slaton.

## *Contest of Exemption.*

1. *Judgment for statutory penalty; no exemptions allowed against it.*—As against a judgment rendered in a suit brought for the recovery of the statutory penalty for cutting trees upon the lands of another, (Code, § 4137), there is no constitutional or statutory exemptions allowed in this State; such action being an action *ex delicto* for a tort.

2. *Exemption; not allowed against costs in an action of tort.*—If in an action of tort, the plaintiff fails in the suit and judgment for costs is rendered against him in favor of the defendant, he can not claim his exemptions as against such judgment.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

George P. Slaton, the appellee, brought an action against the appellant, John C. Crawford, to recover the statutory penalty for cutting trees upon his lands.

On the trial of this suit the plaintiff was cast and judgment was rendered in favor of the defendant for costs. Upon this judgment the said Crawford sued out a writ of garnishment which was served upon one

[Crawford v. Slaton.]

Street. Upon its being shown that Street, the garnishee, was indebted to Slaton, Slaton filed his claim of exemptions and included therein said debt of Street to him. The plaintiff in the garnishment, said J. C. Crawford, interposed a contest to the claim of exemptions, and moved the court to strike from the file the claim as interposed upon the ground, among others, that the judgment which was the foundation of the present suit was in an action of tort. This motion was overruled, and the plaintiff duly excepted.

On the trial of the contest of exemptions, the court without a jury rendered judgment in favor of the defendant, and held that his claim of exemptions to the fund in the hands of the garnishee should be allowed. To the rendition of this judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the ruling of the court in refusing to strike the claim of exemptions from the file, and in rendering judgment in favor of the defendant on the claim of exemption.

STREET & ISBELL, for appellants, cited 12 Am. & Eng. Ency. Law (2d ed.), 172; *Williams v. Borden,* 69 Ala. 433; *Stucky v. McKibbon,* 92 Ala. 622; *Penton v. Diamond,* 92 Ala. 610; *Dangaix v. Lunsford,* 112 Ala. 403; *Nothern v. Hanners,* 121 Ala. 587; *Willis v. Byrne,* 106 Ala. 425; 16 Ency. Pl. & Pr., "penal actions."

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—An action for penalties prescribed for a wrongful act or omission, though technically an action of debt, is not an action for the recovery of a debt contracted, but an action *ex delicto* for a tort.—*Williams v. Bowden,* 69 Ala. 433. The action brought by Slaton against Crawford for the penalties prescribed by section 4137 of the Code was of this sort. And against the judgment in such action whether for costs and damages for the plaintiff or for costs in favor of the defendant there is no exemption from levy and sale.—*Northern v. Hanners,* 121 Ala. 587. The circuit court erred in its rulings to the contrary. Its judgment will be reversed and the cause will be remanded.

Reversed and remanded.