BUCKLEY v. WILLIAMS.

Opinion delivered October 28, 1907.

EXEMPTIONS—COSTS.—Where costs are recovered independent of
    any other judgment, they do not constitute a debt founded upon
    contract, but are based upon a statutory liability, and are not within
    the meaning of Const. 1874, art. 9, § 1, providing that a certain amount
    of personal property "shall be exempt from seizure on attachment
    or sale on execution or other process from any court issued for
    the collection of any debt by contract."

' Appeal from Washington Circuit Court; *James S. Maples,*
Judge; affirmed.

The *appellant, pro se.*

1. The property was exempt under the laws of Arkansas,
and no question was raised as to the form, time and manner of

schedule. Art. 9, Const. 1874; Kirby's Digest, § § 3904, 3906, There was *at least* an implied contract to pay all costs adjudged against plaintiff, which created a *debt by contract.* 58 Iowa, 281; 84 *Id.* 602; 3 Blackst. Com. 160. Costs are necessary appendages to a judgment, and are allowed in all cases by statute. 57 Ark. 209; Kirby's Digest, § § 965-6. Exemption laws construed liberally to carry into effect the intent and purpose of the law. 12 Am. & Eng. Enc. of Law (*2* Ed.), p. 75; 63 Ark. 83; 36 *Id.* 160; 42 *Id.* 541; 31 *Id.* 656; 38 *Id.* 114; Thompson, Homest. & Ex. § 7; 42 Ark. 415. In an action when plaintiff is cast and judgment for costs, judgment for costs is treated as a *debt.* 2 Grant, Cases, 424; 160 Pa. St. 72; Thompson, Homest. & Ex. 383, n. 2; Maples on Homest. & Ex. 758-9, etc.

The only case holding *contra* is 8 How. Pr. 627, but in the same report see *id.* 523; 5 Denio (N. Y.), 119. *Massie* v. *Enyart,* 33 Ark. 688 (citing 2 Tidd, 945), did not pass on the question raised here.

WOOD, J. Appellant brought suit to contest the validity of a will, and was cast in his suit; judgment being rendered against him for costs.

Execution was issued by the clerk to collect the costs adjudged, and certain personal property of appellant was levied upon, which appellant claims was exempt, under our Constitution and statutes. Const., art. 9. § 1; Kirby's Digest, § 3904. Section 1, article 9, of the Constitution provides: "That personal property of any resident of this State who is not married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of two hundred dollars in addition to his or her wearing apparel, shall be exempt from seizure on attachment or sale on execution, or other process from any court issued for the collection of any debt by contract."

A judgment for costs is not a debt by contract, either express or implied. It is a liability created by statute, and, in the absence of the statute allowing same, there could be no judgment rendered in favor of a defendant against a plaintiff, where the latter fails in his suit. Kirby's Digest, § 965.

There are no contractual relations between a plaintiff and defendant as to the costs of a suit.

There are two distinct lines of authority upon the subject. The Supreme Court of Indiana, under provisions similar to ours, holds that there can be no exemption against an execution for costs. *Donaldson* v. *Banta,* 29 N. E. 362. See also *Schouton* v. *Kilmer,* 8 How. Pr. 527.

The Supreme Court of Pennsylvania takes the opposite view. *Lane* v. *Baker,* 2 Grant, Cases, 424.

We prefer the doctrine announced by the Supreme Court of Indiana, in *Donaldson* v. *Banta, supra,* as follows:

"Where costs are recovered independent of any other judgment, they do not constitute a debt founded upon contract. There is no contract, express or implied, that an unsuccessful plaintiff will indemnify the defendant for the costs occasioned by the litigation; but the right to recover costs is purely statutory, and, in the absence of statute authorizing it, they could not be recovered as such by the prevailing party."

This is not a suit based upon section 3528, Kirby's Digest, allowing officers to issue fee bills for costs against the party at whose instance the services were rendered, and we express no opinion on that question.

Judgment affirmed.