## EDWARDS *v.* THAYER.

### Opinion delivered March 13, 1916.

EXEMPT PROPERTY—SALE TO SATISFY FEE BILL—LIABILITY OF OFFICER MAK-
ING SALE.—Plaintiff obtained a judgment against defendant fore-
closing a lien upon certain real estate; before trial plaintiff sued

out a writ of attachment against defendant which was levied upon certain personal property; defendant filed a schedule of exemptions, which was allowed and supersedeas issued. The land foreclosed upon failed to sell for a sum sufficient to pay the judgment and costs. A fee bill for costs was issued in the name of the officers of the court and levied upon the property named in the schedule of exemptions. *Held,* the personal property was wrongfully sold, and that the sheriff was liable to the defendant for its value.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*B. E. Isbell,* for appellant.

1. The right to a judgment for costs is conferred by statute and is based not upon contract but upon the right given by statute. 84 Ark. 187; 95 *Id.* 85. The Constitution exempts certain personal property from *execution* for debt arising upon contract. Const. Art. 9, § § 1 and 2. A judgment for costs is not a debt upon contract. Kirby's Digest, § 965; 84 Ark. 187. A statutory liability is superior to any right or obligation by contract. 62 Ark. 435; 84 Ark. 188.

2. The judgment for costs is not for the benefit of the litigant unless he has paid them, but belongs to the officers of court, witnesses, etc. 56 Ark. 116; 97 *Id.* 492; Kirby's Digest, § § 965-6, 972-3 and 3528, 1893; 92 Ark. 91.

*Steel, Lake & Head,* for appellee.

1. Where a successful litigant has paid the costs he may have judgment and execution therefor. 97 Ark. 492; 56 *Id.* 116.

2. Fee bill may issue for the officers costs, witness fees, etc. Kirby's Digest, § § 3491, 3505, 3528-9, etc. A fee bill is different from an execution. 11 Ark. 322; 6 *Id.* 280.

3. Costs are incident to and partake of the nature of the judgment itself. 33 Ark. 688; 29 N. E. 362; 84 Ark. 187; 16 Ind. 200; 5 N. E. 414; 100 Ind. 439; 12 A. & E. Enc. L., p. 173; 8 So. 379. Exemptions are allowed against fee bills the same as against executions. 166 S. W. 656; 33 Ark. 688.

SMITH, J.   This cause was heard by the court below
on the following agreed statement of facts:

"It is agreed by the parties hereto that the facts of
this case are as follows:   That E. M. Nix instituted suit
in the chancery court of Sevier County against Gertrude
Thayer to foreclose a lien upon real estate, and won the
suit, obtaining judgment for the debt and cost of suit;
that during the progress of the suit and before trial,
plaintiff sued out a writ of attachment against defend-
ant which was levied upon certain articles of personal
property; that said Thayer filed her schedule for ex-
emptions before the clerk of this court and the schedule
as filed was allowed and supersedeas issued; that the
land in the foreclosure proceedings did not sell for a
sufficient sum to pay the judgment and cost; and, that
after the sale, a fee bill for the cost of suit in the name
of the officers of the court was issued against Thayer,
and levied upon the following described articles, as stated
below (with value of each):

"One Majestic Range Cooking Stove..........$........

"One Dining Table........................$........

"One Bed with Springs...................$........

"Total............................$36.00

"And the said articles so levied upon and sold un-
der the fee bill by the defendant in this action were in-
cluded in the schedule of exemptions and supersedeas
hereinbefore mentioned, and within less than twelve
months after such supersedeas was issued."

The court rendered judgment against the sheriff for
the agreed value of the property, and this appeal ques-
tions the correctness of that decision.

It is argued on behalf of appellant that the cause is
controlled by the case of *Buckley* v. *Williams,* 84 Ark.
187, and that under the authority of that case the claim
of exemptions should not have been allowed.   This case
is distinguishable on the facts from that case, however.
The present case is founded upon a fee bill issued upon

the authority of section 3528 of Kirby's Digest. In the case of *Buckley* v. *Williams, supra,* it was said:

"This is not a suit based upon section 3528 of Kirby's Digest allowing officers to issue feebills for costs against the party at whose instance the services were rendered, and we express no opinion on that question."

So it appears that the question now presented was there expressly reserved.

In the *Buckley* v. *Williams* case the court followed and approved the decision of the Supreme Court of Indiana in the case of *Donaldson* v. *Banta,* 29 N. E. 362. In stating the issues involved in that case the learned judge who wrote the opinion said:

"The controlling question in this case is, does the right of exemption exist against an execution issued upon a judgment for costs in favor of the defendant against an unsuccessful plaintiff in an action founded upon or growing out of contract?"

The facts there were that the plaintiff sued for a debt alleged to be due upon contract, but recovered nothing. Thereupon under the law the defendant recovered judgment for his costs, hence the judgment for the costs which was rendered in the case was not incident to and did not grow out of any contract. It was there said:

"Where a suitor obtains a judgment for damages in an action for tort, or a money recovery in an action upon contract, and is awarded costs, the judgment is an entirety and must be collected according to the laws for the collection of the judgment for damages, or the money recovery upon contract. In other words, the judgment for costs is an incident to and must be controlled in its collection by the principal judgment. This is so even where the principal judgment is only for a nominal amount."

In that opinion the court reviewed its previous decisions on the subject, and its reasoning is that, where plaintiff sues upon a contract, and fails to recover, the judgment which is rendered in favor of the defendant is not incident to the contract, and therefore, can not and

does not partake of the nature of the contract. The defendant incurs his costs in his effort to disprove the plaintiff's claim, and when he has successfully done so the statute awards him a judgment against his adversary for the costs of the litigation. The liability thus fixed is statutory, and not contractual. Where, however, the plaintiff prevails and recovers judgment, he is permitted, as an incident to his recovery, to have judgment also for his costs, and it is said that the costs partake of the nature of the judgment.

In the case of *Martindale* v. *Tibbetts,* 16 Ind. 200, it was said:

"The judgment for the debt and costs is an entirety, the costs following as an incident to the judgment for the debt and to be collected in the same manner."

The case of *Massie* v. *Enyart,* 33 Ark. 688, is to the same effect. The syllabus in that case is as follows:

"The exemption of personal property is in cases of debt by contract only, and a judgment or decree for tort or fraud is not a debt by contract, nor are the costs, which are but an incident of the judgment."

It is argued that the process in this case is not an execution, but is a fee bill, and that, therefore, the fact that a supersedeas has issued within twelve months thereof is not controlling. Kirby's Digest, section 3906.

The court made a finding of fact that the fee bill had issued for all the costs in the case and that it was therefore, of the nature of an execution and it was intended thereby to subject to the satisfaction of the plaintiff's judgment property which had been previously held to be exempt from his demand.

We think the same rule should be applied here as would be applied if the process was an execution, instead of a fee bill, and that the court properly held that the property was wrongfully sold and that the sheriff was liable for its value.

The judgment of the court below is, therefore, affirmed.