(75 South. 643)

JONES v. TARLETON. (1 Div. 176.)

(Court of Appeals of Alabama. May 8, 1917.)

1. COSTS ⊖2, 284—NATURE.

Costs, whether in civil or criminal cases, are entirely statutory, and under the express provisions of Code 1907, § 3693, are penal in nature.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 4, 26, 1082, 1085.]

2. EXEMPTIONS ⊖76—COLLECTION OF COSTS—"DEBT CONTRACTED."

No exemptions can be claimed against a judgment for costs only, since such judgment is not based on a "debt contracted" within Const. 1901, § 204, allowing certain exemptions against "debts contracted."

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 100, 101.

For other definitions, see Words and Phrases, First and Second Series, Debt Contracted.]

3. EXEMPTIONS ⊖76—COLLECTION OF COSTS—"DEBT CONTRACTED."

Where recovery is had in an action ex delicto, the costs become a part of such recovery, and no exemptions can be claimed against their collection under Const. 1901, § 204, allowing certain exemptions against "debts contracted."

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 100, 101.]

4. EXEMPTIONS ⊖76—COLLECTION OF COSTS—"DEBT CONTRACTED."

Where recovery is had in an action ex contractu, the costs become a part of the recovery, and exemptions may be allowed against such a judgment under Const. 1901, § 204, allowing certain exemptions against "debts contracted."

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 100, 101.]

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Suit by Richard Tarleton against R. W. Jones. Judgment for plaintiff before a justice of the peace was appealed to the law and equity court of Mobile, which rendered a judgment for defendant for costs. From a judgment overruling defendant's motion to strike plaintiff's claim of exemption on a garnishment disclosure and his motion for judgment of condemnation against the garnishee, defendant appeals. Reversed and remanded.

Richard Tarleton brought suit against R. W. Jones in the court of one J. G. Bowen, a justice of the peace of Mobile county, for $6, and on September 23, 1913, he recovered a judgment against the said R. W. Jones for that amount, together with costs. Thereafter R. W. Jones, by statutory certiorari, appealed the case to the law and equity court of Mobile, and on trial de novo in that court (Jones being the defendant) recovered a judgment against said Tarleton (he being the plaintiff) for the costs of the suit, amounting to $19.50. Thereafter, on the 17th day of February, 1915, said R. W. Jones ran a garnishment on said judgment and had it served on the Mobile Light & Railroad Company, which company answered "Indebted." Tarleton thereupon filed a claim of exemptions, and appellant moved to strike it: First, because the debt on which he ran the garnishment was a judgment for costs against the unsuccessful party, in the nature of a penalty, against which no exemptions are allowed by law; second, because the claim contained, and was accompanied by, no itemized statement of assets; and, third, because it did not appear that the property named in the claim was all of the property owned by claimant on the date of the filing of the claim. The court refused this motion, and appellant excepted to the ruling. Appellant thereafter filed a motion for a judgment of condemnation against the garnishee on its answer of "Indebted." This motion the court also refused, and appellant excepted.

Harry T. Smith & Caffey, of Mobile, for appellant. J. I. Clemmons, of Mobile, for appellee.

SAMFORD, J. 1. Our attention is called to the small amount involved in this case, and appellant's counsel take occasion to urge that this court should give careful consideration to the principles involved, importing a fear that, on account of the small amount, the court might not give that careful consideration which it otherwise would. The amount of money involved in a cause is not important as affecting the decision or consideration by the court of the principles involved. The rights of property are just as sacred to the beggar in rags as to the rich and affluent; and the courts of this state will so treat and consider them.

Under our present Constitution (section 204) and statutes following that section, certain exemptions are allowed for debts contracted since July, 1868. It will be observed that the decisions passing upon this language refer to "debts contracted." Crawford v. Slaton, 133 Ala. 393, 31 South. 940; Williams v. Bowden, 69 Ala. 433; Meredith

v. Holmes, 68 Ala. 190; Schuessler v. Dudley, 80 Ala. 547, 2 South. 526, 60 Am. Rep. 124. Therefore the pertinent inquiry in this case is: Is a judgment for costs rendered against a plaintiff and in favor of the defendant in an action ex contractu "a debt contracted since July, 1868"?

[1] At common law costs were not recoverable by either party in any case, either civil or criminal. They are given by statute, and the law of costs must be deemed and held a penal law. City Council of Montgomery v. Foster, 54 Ala. 62; Northern v. Hanners, 121 Ala. 587, 25 South. 817, 77 Am. St. Rep. 74; Stewart v. Mood, 10 Ala. 600, 606; Henry v. Murphy & Co., 54 Ala. 246, 257.

In the case of Northern v. Hanners, supra, Tyson, J., says:

"The judgment in favor of the successful party for costs, however, has no element of debt in it."

And to support this holding he cites Lathrop v. Singer, 39 Barb. (N. Y.) 396. This certainly must be the law; otherwise a sentence to hard labor to pay costs due the state would violate that clause of the Constitution which provides against imprisonment for debt. That these statutes, providing for hard labor for the payment of costs due the state, are not in violation of the Constitution, has been upheld so often that it is hardly necessary to cite authority. Bailey v. State, 87 Ala. 44, 6 South. 398. But whether it partakes of the character of a debt or not, or whether an action for debt would lie for its collection, it certainly cannot be said that a judgment for costs in favor of a defendant and against a plaintiff is a "debt contracted." Donaldson v. Banta, 5 Ind. App. 71, 29 N. E. 362; Buckley v. Williams, 84 Ark. 187, 105 S. W. 95, 120 Am. St. Rep. 24, 13 Ann. Cas. 258; Northern v. Hanners, supra. Costs are considered in the nature of a penalty against the unsuccessful party, imposed by statute (Lee v. Smyley, 16 Ala. 773; Dent v. State, 42 Ala. 514, and many other authorities holding to the same idea); and by express statute the law of costs must be held to be penal (Code 1907, § 3693).

[2-4] It is clearly the law that exemptions cannot be successfully claimed against a penalty, which cannot be a "debt contracted" (Crawford v. Slaton, supra); and where the judgment is for costs only, whether in actions ex delicto or ex contractu, exemptions cannot be claimed against its collection (Donaldson v. Banta, supra; Buckley v. Williams, supra). Where a plaintiff obtains a judgment for damages and costs in an action for a tort, under the decisions, the judgment is an entirety and must be collected as such; the costs being an incident to and controlled in their collection by the principal judgment. This is so even if the judgment is for a nominal amount. The law requires them to be paid, not because the defendant had contracted to pay them, but because he had wrongfully caused the other party to pay them. And, as a judgment must be considered and treated as an entirety, when the recovery is had in an action ex delicto, the costs are in effect ex delicto, and, when in an action ex contractu, the costs are ex contractu. But where the costs are recovered independent of any other judgment, as in this case, they do not constitute a debt founded on contract, and there is no element of contract in a judgment so rendered. Donaldson v. Banta, supra. The right to recover a judgment for costs against a plaintiff is purely statutory, and therefore is a penalty; and as against a penalty exemptions cannot be claimed.

We have carefully considered the opinion in the case of Clingman v. Kemp, 57 Ala. 195, which is not in conflict with the foregoing views. The Clingman Case, we think, properly construes the act of the Legislature approved April 23, 1873 (Acts 1873, p. 64), and that is all it purports to do. This act exempts from levy and sale certain property for the collection of debt, without reference to whether it is for a debt contracted; while, under our present laws, the exemption is from the collection of debts contracted. Const. § 204; Northern v. Hanners, supra; Crawford v. Slaton, supra; Williams v. Bowden, supra. Indeed, Judge Stone seems to have recognized this distinction. Rendering the opinion in the Clingman Case, he expressly limits it to the act of April 23, 1873, and in Williams v. Bowden, supra, he distinguishes between a debt and a debt contracted.

Based upon the foregoing authorities and many others which we have not cited, we conclude that the rules as to exemptions as applied to judgments for costs are as follows:

(1) Where the judgment is in an action ex delicto, the costs become a part of the recovery, and are treated as an entirety, and therefore exemptions will not be allowed against their collection.

(2) In an action ex contractu, where there is judgment for the plaintiff, the costs are a part of the recovery, and the judgment must be treated as an entirety; and as against such a judgment exemptions properly claimed will prevail.

(3) In any action where the recovery is for costs only, such judgment is not based on a "debt contracted"; and as against its collection the claim of exemptions will not lie.

The above being decisive of the case, it becomes unnecessary to notice the other assignments of error.

For the error pointed out, the judgment of the lower court is reversed, and the cause remanded for proceedings in accordance with the above decision.

Reversed and remanded.