(78 South. 200)

### MORSCHEIMER v. WOOD et al.
### (6 Div. 449.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied March 23, 1918.)

1. EXEMPTIONS ☞62—COSTS.

Costs partake of the nature of the suit, and neither plaintiff nor defendant in an action ex delicto or founded upon a tort, though the form of the action be ex contractu, can claim exemptions against execution for costs.

2. HOMESTEAD ☞90—EXTENT OF EXEMPTION —COSTS—"DEBTS."

In suit in chancery between tenants in common for sale of the land for division, where plaintiff failed for want of title, and the register in chancery issued execution for costs taxed against him, against which process plaintiff interposed a claim of homestead exemption, plaintiff's homestead was exempt, since the suit in which the costs accrued was not in a technical sense an action or suit ex contractu, nor was it ex delicto in character, being quasi ex contractu, that is, to enforce a civil right given by law to tenants in common, while costs in civil cases, except in actions ex delicto or quasi ex delicto, are "debts" within the meaning of the term as used in the constitutions and statutes of Alabama.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debts.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Execution for costs by Henry Morscheimer, as Register in Chancery, against Eli Wood and Caroline Wood. From the judgment, the Register appeals. Affirmed.

Horace C. Wilkinson, of Birmingham, for appellant. Chamblee & Chamblee, of Birmingham, for appellees.

SOMERVILLE, J. The appellee, Wood, prosecuted a suit in chancery for the sale of certain land for division, and failed therein for want of title. Morscheimer, the register in chancery, issued an execution for the costs therein taxed against Wood. Against that process Wood interposed a claim of homestead exemption.

On the issue made up between the register and the defendant in execution, it was held that defendant's homestead was exempt against the execution for costs in the chancery suit.

Appellant's contention is that the costs do not constitute a demand ex contractu, and hence are not subject to the claim of exemptions.

In Clingman v. Kemp, 57 Ala. 195, it was held in general terms that costs adjudged against the unsuccessful party in a civil suit are a debt against which exemptions may be claimed.

[1] It has since been definitely determined that costs partake of the nature of the suit, and neither the plaintiff nor the defendant in an action ex delicto, or founded upon a tort, though the form of the action be ex contractu, can claim exemptions against an execution for the costs. Stuckey v. McKibbon, 92 Ala. 622, 8 South. 379; Northern v. Hanners, 121 Ala. 587, 25 South. 817, 77 Am. St. Rep. 74; Gunn v. Hardy, 130 Ala. 642, 31 South. 443.

[2] While the chancery suit in which these costs accrued was not in technical sense an action or suit ex contractu, neither was it ex delicto in character. Perhaps it is sufficiently accurate to say that it was a suit quasi ex contractu, i. e., one to enforce a civil right given by law to tenants in common of land. And, while it is true that the allowance of a judgment for costs in favor of the successful party has been said to be "in the nature of a penalty" (Northern v. Hanners, supra), and some of the reasoning employed in that case would seem to deny that costs taxed in any case, at least those incurred by the successful party himself, are subject to claims of exemption; nevertheless that case decides no more than the principle that in tort actions, or upon demands founded in tort, an unsuccessful plaintiff cannot claim exemptions against the costs with which he is taxed.

The case of Clingman v. Kemp, supra, must be regarded as settling the question that costs in civil cases (except in actions ex delicto, or quasi ex delicto, or founded upon tort) are "debts" within the meaning of that term as used in the Constitutions and statutes of Alabama. It was decided more than 40 years ago, and has stood as the law too long to be now disturbed by this court, whatever we might think of its original soundness.

This being the only question argued in brief, and our conclusion being against appellant's contention, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.