SENTELL, Clerk.
RULE 26, ALABAMA RULES OF JUVENILE PROCEDURE UNCOLLECTED COURT COSTS
Mr. Charles Y. Cameron, Administrative Director of Courts, has submitted to me the following inquiry:
Rule 26 of the Alabama Rules of Juvenile Practice, Procedure and Administration provides, in part, that uncollected court costs may not be assessed as charges against the county. The legislative basis for such rule, Section 5-139 of Act No. 1205, supra, provides that costs and expenses, including the payment of attorney fees, shall be valid charges against the county. Our question is as follows:
Does the language of Rule 26, which provides that “uncollected court costs may not be assessed as charges against the county,” incorporate attorney fees?
My answer to this question is given pursuant to the authority conferred on the Clerk of the Supreme Court by Section 6-105, Act 1205, Acts of Alabama, 1975 Regular Session, to give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court to any other official or official of the State who shows a need for such opinion and requests the same.
Section 6-105, Act No. 1205, supra, states that “the legislature finds that it is within the scope of its authority to make rules of administration pertaining to . collection of unpaid court costs, fines and forfeitures . . . .”
It is, therefore, considered that Rule 26, Alabama Rules of Juvenile Procedure, is a rule of administration of which the Clerk of the Supreme Court may give his opinion in writing under the provisions of Section 6-105, Act No. 1205, supra.
It is my opinion that the language of Rule 26, Alabama Rules of Juvenile Procedure, which provides that “uncollected court costs may not be assessed as charges against the county” does not incorporate attorney fees.
Rule 26, supra, must be interpreted in connection with the language used in Section 5-139(a), Act 1205, supra, which, among other things, provides that “. court costs as provided by law and attorney fees shall be valid charges against the county • . . .”
The right to recover attorneys fees as a part of costs did not exist at common law. White v. State, 294 Ala. 502, 319 So.2d 247 (1975); Henry v. Murphy & Co., 54 Ala. *527 246 (1875); Jones v. Tarleton, 16 Ala.App. 95, 75 So. 643 (1917).
Generally, attorney fees are not recoverable as a part of the costs. Schillinger v. Leary, 201 Ala. 256, 77 So. 846 (1917); Lewis v. Railroad Retirement Board, 256 Ala. 430, 54 So.2d 777 (1951), Cert. denied, 343 U.S. 919, 72 S.Ct. 677, 96 L.Ed. 1333. See Cincinnati Insurance Company v. City of Talladega, Alabama, Ala., 342 So.2d 331 (1977).
An exception is where the statute expressly authorizes the court “to tax as a part of the costs in such suit or proceeding such reasonable attorney’s fee,” as in Title 46, Sec. 63, Code of 1940.
The conclusion is that the term, “court costs,” by itself, does not include “attorneys’ fees.”
Rule 26, Rules of Juvenile Procedure, reads as follows:
Court Costs
Court costs of juvenile cases shall be assessed at $25.00 to be distributed as docket fees for civil cases in the district court are distributed. Uncollected court costs may not be assessed as charges against the county.
In my opinion, the term, “court costs,” in the first sentence of Rule 26 has reference to the “court costs as provided by law” in Section 5-139(a), Act No. 1205, supra. The term, “uncollected court costs,” in the second sentence of the rule has reference to the “court costs of juvenile cases” as assessed according to the first sentence of the rule.
Therefore, “uncollected court costs” do not include “attorney fees.”