Mass. Appraisal Services seeks a writ of mandamus and/or prohibition to the Honorable Judge Perry O. Hooper of the Circuit Court of Montgomery County. Judge Hooper entered an order in two consolidated cases awarding attorneys' fees and staying further proceedings until those fees were paid. Mass. Appraisal asserts that Judge Hooper was without authority in this instance to award attorneys' fees. We agree and grant the writ conditionally.
In 1972 Mass. Appraisal (formerly Hunnicutt Associates, Inc.) and Bernard Carmichael entered into a contract to perform mass real estate appraisals. Carmichael, unable to collect certain sums due from Macon County, retained the Montgomery law firm of Jones, Murray, Stewart, and Yarborough, P.C. to file suit against Macon County. In February, 1978, the Jones firm filed suit against Mass. Appraisal in Montgomery County Circuit Court to collect attorneys' fees incurred in the litigation with Macon County. Mass. Appraisal then filed a third party complaint against Carmichael. This action among the Jones firm, Mass. Appraisal, and Carmichael is one of the two consolidated cases currently pending before Judge Hooper.
Meanwhile, disputes over contract interpretation developed between Carmichael and Mass. Appraisal, leading Mass. Appraisal to file suit in federal district court in Birmingham. Carmichael, represented by the Jones firm, moved to transfer the federal action to Montgomery. The motion was granted on the basis of forum non conveniens. No answer or motion for summary judgment was filed. Once in Montgomery the federal court dismissed the action without prejudice and Mass. Appraisal filed an identical action against Carmichael in Montgomery County Circuit Court. On January 18, 1979, upon motion of Mass. Appraisal the two actions now in Montgomery County Circuit Court were consolidated. The Jones firm then filed a motion pursuant to Rule 41 (d), ARCP, for its "costs" *Page 852 
incurred in the federal action initially filed in Birmingham. Judge Hooper granted the motion, awarding an attorneys' fee of $2,500 and expenses of $67.28, and ordered the proceedings in the consolidated cases stayed until these sums were paid. Mass. Appraisal then sought relief in this Court.
Initially we observe that jurisdiction is properly within this Court irrespective of the amount awarded by the circuit court. Section 12-3-11, Code 1975, provides:
 "Each of the courts of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Each court shall have authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction . . ." [Emphasis added.]
This section must be read in conjunction with § 6.03 (c) of the Judicial Article which states:
 "(c) The court of criminal appeals and the court of civil appeals shall have no original jurisdiction except the power to issue all writs necessary or appropriate in aid of appellate jurisdiction of the courts of appeals."
While it is impossible to determine what relief, if any, will eventually be granted in the consolidated cases and thus determine appellate jurisdiction, it is most likely that jurisdiction will lie in this Court and not the Court of Civil Appeals, since the amount in controversy substantially exceeds the $10,000 jurisdictional limit of the Court of Civil Appeals. Although § 12-3-10, Code 1975, states that "[w]here there is a recovery in the court below of any amount other than costs, the amount of such recovery shall be deemed to be the amount involved," that provision does not place jurisdiction in the Court of Civil Appeals in this instance. [Emphasis added.] Here the circuit court has granted its award under a provision allowing "costs," thus presenting us with the question of what that term may properly include. Consequently, mandamus must be sought in this Court since the current controversy involves a matter over which this Court will, in all likelihood, have exclusive appellate jurisdiction. Furthermore, it is apparent that mandamus is an appropriate method to raise the propriety of this interlocutory order since an eventual appeal, which may, in fact, never be taken, would not be adequate to prevent undue injury. See Evans v. Insurance Co. of North America,349 So.2d 1099 (Ala. 1977).
We now come to the question of whether or not a circuit court may award attorneys' fees pursuant to Rule 41 (d) or may include such fees in an award of "costs." Rule 41 (d), ARCP, provides:
 "Costs of previously dismissed action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order." [Emphasis added.]
Clearly this provision authorizes an award of "costs" only. In this state attorneys' fees are recoverable "only where authorized by statute, when provided in a contract or in an equitable proceeding where the efforts of an attorney create a fund out of which fees may be paid." State ex rel. Payne v.Empire Life Ins. Co., 351 So.2d 538 (Ala. 1977); Parker v.Jefferson Co. Com'n, 347 So.2d 1321 (Ala. 1977). While Rule 41 (a)(2) allows an award of attorneys' fees by authorizing dismissal only "upon order of the court and upon such terms and conditions as the court deems proper," the grant of power to the circuit court in subsection (d) of the same rule is limited to costs alone. There is no authority in this state to include attorneys' fees in the term "costs." Cincinnati Ins. Co. v.City of Talladega, 342 So.2d 331 (Ala. 1977). See also Opinionof the Clerk, 347 So.2d 525 (Ala. 1977). Consequently, *Page 853 
Judge Hooper exceeded his authority by awarding attorneys' fees under Rule 41 (d) and his order of February 7, 1979, must be modified accordingly.
The writ of mandamus as prayed is due to be granted.
If, upon notification of this decision, the circuit court does not set aside the order awarding respondent attorneys' fees and staying further proceedings and enter, in lieu thereof, an order denying attorneys' fees, then a writ to effectuate such ends will issue upon the request of the petitioner.
WRIT GRANTED CONDITIONALLY.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.